## HARRY CALLAHAN V. THE STATE.

No. 23290. Delivered February 20, 1946.

The opinion states the case.

*J. W. McCullough,* of McKinney, and *Floyd Harry,* of Farmersville, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appellant was convicted on a charge of theft and assessed a fine of $25.00 and five days in jail by a jury in the County Court. The appeal contains a number of bills of exceptions which can not be considered because they were filed too late under the rules.

The complaint charges that Harry Callahan "* * * did then and there unlawfully and fraudulently take from the possession of Lerline Robinson, * * * One lady's wrist watch of the value

of Twenty-Two Dollars and Fifty cents, * * * without the consent of said injured party, and with the intent then and there * * * to deprive the said injured party of the value thereof and to appropriate the same to the use and benefit of him, the said defendant, against the peace and dignity of the State."

The evidence in the case shows that Lerline Robinson sent the watch to appellant to be repaired; that she and her husband called for it a number of times; that appellant and the members of his family, at numerous times, admitted the watch was there, sometimes representing that it was not repaired, and again, that a member of the family had it out of the shop, or some other excuse for not being able to deliver it. Finally they presented another watch which the prosecuting witness would not accept as her own, and it appears that there was an eventual admission that the watch had been sold.

The question here raised is that the State alleged theft by fraudulently taking from the possession of Lerline Robinson, under Article 1410 of the Penal Code, and that the proof showed theft by bailee as defined by Article 1429 of the Penal Code. We have frequently called attention to the complications raised by the various statutes on the subject of theft, and the confusion that arises because of them. The legislature has not seen fit to remove these complications and it is not for this court to make the law, we can only interpret it. The contention that there is a conflict between the proof and the allegation must be sustained. The decisions on the subject are so numerous and consistent that we do not deem it necessary to discuss them.

The judgment of the trial court is reversed and the cause is remanded.