**James Albert FOOTE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43410.**

Court of Criminal Appeals of Texas.

Jan. 27, 1971.

Rehearing Denied March 10, 1971.

Wayne Bagley, Amarillo, for appellant.

Tom Curtis, Dist. Atty., and Hugh Russell, Asst. Dist. Atty., Amarillo, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This is an appeal from an order revoking probation.

The record reflects that on November 12, 1968, appellant pleaded guilty to the offense of burglary and his punishment was assessed at two years in the Texas Department of Corrections. Imposition of sentence was suspended and probation was granted. One of the conditions of probation was that defendant commit no offense against the laws of this or any other state or of the United States. The motion to revoke alleged that the defendant had violated the law in that he did commit the offense of felony theft of one disc harrow of the value of over $50.00 from one Russell Penrod.

At the hearing on the motion to revoke the court found that the value of the disc

harrow was not shown to exceed $50.00. The court did find, however, "that he has committed an offense against the laws of this state by his actions in this connection, and the order granting probation will be revoked."

Appellant contends that the court erred in admitting evidence obtained as a result of an unlawful arrest. The testimony shows that the arresting officers observed a heavily loaded pickup truck driving slowly along the highway before daylight, they pulled over to see what the problem was. The vehicle came up to within approximately a quarter of a mile of where the officers had pulled over and then started out across a pasture or an open field for approximately 400 yards. The officers then decided to "go back and see what the situation was". As they approached the rear of the vehicle, the defendant had gotten out of the pickup which was then stopped, and walked to the back of it. The officer testified that when asked what the problem was the defendant said he had a flat tire, at which time the officer said "Well, what do you have loaded on, it seems to be pretty heavy?" The defendant answered that it was a plow borrowed from Wildorado. The officers then asked Mr. Gidden, who was with appellant, where the plow came from and Mr. Gidden replied: "We bought it from a man out on Washington Street." The officer informed Mr. Gidden that was not what Mr. Foote, the defendant, had told them and Mr. Gidden replied: "We stole it." We find this a res gestae statement and find that all of the facts and circumstances considered together constituted probable cause for the arrest. Taylor v. State, Tex.Cr.App., 421 S.W.2d 403.

Appellant contends that a fatal variance between the allegation set forth in the motion to revoke probation and the proof adduced at the hearing exists. In testifying at the hearing the appellant stated that it was his understanding that a Mr. Gidden had obtained permission to borrow the plow and that no intent to perma-

nently take it was shown. The trial court rejected this theory and we find the evidence sufficient to support the findings.

No abuse of discretion on the part of the trial judge is shown.

The judgment is affirmed.