**Johnnie B. BLACKSHIRE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43491.**

*Court of Criminal Appeals of Texas.*

March 10, 1971.

Tom A. Neely, Vernon, for appellant.

Bill Neal, Dist. Atty., Vernon, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from an order revoking probation.

The record reflects that appellant pleaded guilty to the offense of burglary on April 10, 1969, and his punishment was assessed at 6 years. Imposition of sentence was suspended and probation granted. One of the terms and conditions of probation was that "Probationer, Johnnie B. Blackshire, shall commit no offense against the laws of this State * * *"

On August 8, 1969, a motion to revoke appellant's probation was filed, alleging that he violated the aforementioned term. A hearing was held on the said motion on September 11, 1969; at the conclusion of the hearing the court announced " * * * that said provision has been violated and constitutes a violation of the terms of said probation." In the written order revoking probation the court found that appellant " * * * had violated the terms of said probation by burglarizing a service station, and that such violations of the terms of said probation occurred within the probationery term as heretofore set out in this cause."

The sufficiency of the evidence to revoke the probation is challenged. The evidence is undisputed that appellant drove two different motor vehicles on the night in question without the consent of their owners (one being the truck hereinafter referred to). Further, the testimony was sufficient to find that a burglary of a service station had been committed, and that 36 or 37 tires were stolen.

Deputy Sheriff Clinton Russell testified that he investigated the burglary;

that it had rained the night before and he found truck tracks and boot tracks at the rear of the station where the breaking occurred. He took plaster casts of the footprints. Further investigation revealed that appellant was seen in the vicinity of the burglary on the night in question, and was also seen driving a truck with tires loaded on the bed. A warrant was obtained for appellant's arrest and, upon being arrested, he was given his legal warning. He then took Deputy Russell and Texas Ranger Byron Currin to a secluded spot near the edge of Vernon, where 17 new tires (matching the description of the stolen tires) were discovered in a weed patch. Appellant later told Deputy Russell where he could find two additional tires, which were recovered in the same general area. (See Art. 38.22, Sec. 1(e), Vernon's Ann.C.C.P.) Appellant's boots matched the plaster cast prints lifted at the scene. This was sufficient to support the court's written order revoking probation.

We find no merit in appellant's contention that the order is void in that it does not find as a fact that he committed an offense against the laws of this state. No further findings or formal findings were requested, hence no error. Hulsey v. State, Tex.Cr.App., 447 S.W.2d 165; Tate v. State, Tex.Cr.App., 365 S.W.2d 789. The order entered was sufficient. See Manning v. State, Tex.Cr.App., 412 S.W.2d 656.

We overrule appellant's contention, raised for the first time on appeal, that the application to revoke probation is insufficient. This court, in Guinn v. State, 163 Tex.Cr.R. 181, 289 S.W.2d 583, 584, held that " * * * appellant, having failed to question the sufficiency of the motion in the trial court, is in no position to urge such contention on appeal."

Appellant's next contention, also raised for the first time on appeal, is "There is no evidence appellant ever received a copy of the order placing him on probation and containing the terms and condition of his probation." Since the appellant made no complaint to the trial court regarding this contention, he is in no position to urge such on appeal. Further, the record reflects that the trial judge very carefully explained the terms and conditions to appellant at the time they were announced; the transcript reveals:

"Do you understand those conditions, Johnnie? Have I gone through them too fast for you?

"DEFENDANT: No. sir.

"THE COURT: Any question you want to ask about any of them?

"DEFENDANT: No.

"THE COURT: You understand, Johnnie, if you violate any of those conditions, then you have to go and serve this six year term in the penitentiary. Do you realize that?

"DEFENDANT: Uh-huh."

See Smith v. State, Tex.Cr.App., 422 S.W.2d 440, cited with approval in the concurring opinion in Cox v. State, Tex.Cr.App., 445 S.W.2d 200, 203.

Finally, appellant's contention that Art. 42.12 Vernon's Ann.C.C.P. is unconstitutional because it is silent "as to any standard or quantum of proof" required of the state to guide the court in making its decision, is without merit and is overruled.

Finding no abuse of discretion, the judgment is affirmed.