**Ruita TRIGG, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 43796.

Court of Criminal Appeals of Texas.

May 19, 1971.

Seldon Hale, Amarillo, for appellant.

Tom Curtis, Dist. Atty., and Hugh Russell, Asst. Dist. Atty., Amarillo, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from an order revoking probation.

The record reflects that on May 25, 1970, appellant was convicted for the offense of unlawfully carrying a pistol in a premise which was then and there covered by a permit and license issued under the provisions of the Texas Liquor Control Act. [Article 483(a) Vernon's Ann. P.C.] Punishment was assessed by a jury at 3 years, and the jury further recommended probation. Imposition of sentence was suspended and appellant was placed on probation. One of the terms and conditions of probation was that she "(1) Commit no offense against the laws of

this or any other state or of the United States."

On July 7, 1970, the state filed a motion to revoke probation, alleging:

"That the defendent failed to comply with the above listed conditions of his probation, to-wit: On or about the 6th day of July, A.D., 1970 in the County of Potter and the State of Texas, the defendant, Ruita Trigg, did then and there unlawfully take six (6) mens suits of the value of over $50.00 from the possession of Norman Eugene Levick, the same then and there being the corporeal personal property of and belonging to the said Norman Eugene Levick, without the consent of the said Norman Eugene Levick, and with the intent to deprive the said Norman Eugene Levick of the value thereof, and to appropriate the said property to the use and benefit of Ruita Trigg the said defendant, against the peace and dignity of the State of Texas."

On July 23, 1970, a hearing was conducted on said motion, after which the court announced " * * * certainly no question of six men's suits of the value of over $50.00. I don't see any shadow of a doubt in this case, that this defendant, either acting alone or as a principal with this other party, did take these suits as charged in the indictment. Therefore, her probation will be, and is hereby revoked." Thereafter, an order was entered revoking the said probation.

Appellant challenges the sufficiency of the evidence.

The record reflects that on July 6, 1970, appellant and a male companion were in Levine's Department Store, 1815 East Amarillo Blvd., Amarillo. Juanita Roberts, a saleslady, testified that she was in the Ready-to-Wear section of the store where appellant was; that she (Witness Roberts) was called to the piecegoods section and upon her return she did not see appellant but then her attention was directed outside the store where she noticed Felipe Lopez, the assistant manager, taking suits out of appellant's lap as appellant sat in a car.

Ruth Anderson, an employee at Levine's, testified that she saw appellant getting into the car with five or six suits in her possession. She heard the man accompanying appellant say: "A. He said, 'I never saw her before,' he said, 'I picked her up at a bar, and she asked me to bring her to Levine's,' and he said, 'I brought her down here' and he said, 'About the suits, I don't know,' and I went back in the store at this time and asked them to call Mr. Levick from the store."

"Q. (By Mr. Knorpp) Who is Mr. Levick?

"A. He is the manager of the store."

Felipe Lopez testified that he took six suits from appellant, after which she got out of the car and went across the street and in back of a liquor store.

Norman Levick, the store manager, testified that the suits were taken from the store and each of the six suits was of a value of over $50.00; that he did not give appellant or anyone else permission to take the suits without paying for them.

The appellant did not testify nor did she call any witnesses on her behalf.

The evidence was sufficient to support the court's findings and no abuse of discretion is shown. See Blackshire v. State, Tex.Cr.App., 464 S.W.2d 108; Foote v. State, Tex.Cr.App., 463 S.W.2d 445.

The judgment is affirmed.