Manuel **TONCHE**, Jr., Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 43962–43965.

Court of Criminal Appeals of Texas.

June 23, 1971.

W. D. Hollars, Plainview, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

These appeals are from orders revoking probation in each of the four causes. By agreement, the hearing on the motion to revoke probation was conducted on all four cases at the same time and the evidence was the same.

The record reflects that on September 16, 1968, appellant was convicted for the offense of felony theft in each of the four cases herein. Punishment was assessed in each case, upon appellant's plea of guilty, at five years. The imposition of sentence was suspended and appellant was placed on probation, one of the terms and conditions of probation being that he "commit no offense against the laws of this State or any other State or of the United States."

On June 11, 1970, a motion to revoke probation was filed in each of the four cases alleging that appellant violated the aforementioned term, in that he " * * * was charged with the offense of Theft over $50.00 * * *" on June 9, 1970.[1]

A hearing was held on July 10, 1970, and upon completion of said hearing the court found appellant " * * * violated the conditions of probation heretofore granted in the causes out of which this probation is revoked, in that you did on or about the 9th day of June, 1970, commit an offense against the laws of the State of Texas, in that you committed theft of property of value in excess of fifty dollars." Whereupon the court pronounced sentence.

Appellant contends that the court abused its discretion in revoking probation, alleging that the state failed to prove that the appellant in fact took the property, and that the evidence was insufficient to prove that the value of the property was in excess of $50.00.

The record reflects that George Leach, the owner and custodian of the property in question, returned to his place of business at approximately 8 or 8:30 P.M., June 9, 1970, and noticed a car parked in the driveway on the east side of the place of business. He observed a small boy drop something from his hand and run between the buildings. Upon further investigation he discovered the appellant, along with two children, 8 or 9 years of age, hiding behind a "cooker" on the premises. He detected that the object which the small boy had dropped was a brass oiler off of one of his steam pumps. The appellant made the excuse that he was hunting rabbits, and attempted to leave the premises by jumping in his car and backing it out into the middle of the street. Witness Leach got a pistol from his car and stopped the appellant. When the police arrived, this witness observed them unload some of his property from the car which the appellant was driving. This evidence alone is sufficient to support the finding that the appellant took the property in question.

Further, appellant's confession was admitted into evidence without objection, wherein he confessed to taking some of the property in question.

Witness Leach testified that the value of his property taken out of the car was in excess of $50.00 and that the value of one piece of equipment, a "brass injector," was $80.00. Compare Barnes v. State, Tex.Cr. App., 467 S.W.2d 437 (6–2–71); Foote v. State, Tex.Cr.App., 463 S.W.2d 445.

Appellant's contentions are overruled and we conclude that no abuse of discretion is shown. See Trigg v. State, Tex. Cr.App., 466 S.W.2d 733 (5–19–71); Blackshire v. State, Tex.Cr.App., 464 S. W.2d 108.

The judgment is affirmed.

---

1. No objection was made to the grounds of revocation set out in the motion.