Gerald Wayne **FORD**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45783.

Court of Criminal Appeals of Texas.

Dec. 13, 1972.

Grady Hight, Fort Worth, for appellant.

Doug Crouch, Dist. Atty., Roger Crampton and Charles E. Webb, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from an order revoking probation.

On May 21, 1969, the appellant was found guilty of burglary with intent to commit theft. His punishment was assessed at a term of five years, probated. A condition of probation was that he commit no offense against the laws of this State or any other state. The appellant was given permission by the trial court to go to the State of Oklahoma. On July 12, 1971, an amended motion to revoke probation was filed. It alleged, among other things, that the appellant had violated the terms of his probation by committing the offense of theft in the State of Oklahoma. On November 5, 1971, the hearing on the motion to revoke was held.

In determining whether the trial court abused its discretion in revoking probation, we have considered only the condition that he committed theft in the State of Oklahoma, because the court based his revocation upon such a violation.

Buddy Bates testified that on July 6, 1971, the appellant asked to use his automobile for a short time to go across town (Oklahoma City). He testified that the appellant was to be back within an hour or so and that the appellant never returned the car. Bates recovered his automobile some three weeks later in Minneapolis, Minnesota.

Curt Sharp testified that he was probation control officer for Oklahoma City and was assigned to supervise the appellant. He testified that the appellant did not report to him after July 6, 1971, and that he made an investigation and determined that the appellant had gone to Minneapolis, Minnesota which was contrary to his instructions. At the hearing on the motion to revoke probation, the trial court found that the appellant had violated the laws of the State of Oklahoma by "converting" the automobile of Buddy Bates.

The question is, does the allegation support the finding of theft? We assume that the laws of the State of Texas and Oklahoma are the same in the absence of a showing to the contrary.

Article 1410, Vernon's Ann.P.C., defines theft as follows:

" 'Theft' is the fraudulent taking of corporeal personal property belonging to another from his possession, or from the possession of some person holding the same for him, without his consent, with intent to deprive the owner of the value of the same, and to appropriate it to the use or benefit of the person taking."

The other statute involved is Article 1429, V.A.P.C., "Conversion by bailee." It provides, in part:

"Section 1. Any person having possession of a motor vehicle, trailer, equipment, or tool, or any other personal property of another by virtue of a contract of hiring or borrowing, or other bailment, who shall without the consent of the owner, fraudulently convert such property to his own use with intent to deprive the owner of the value of the same shall be guilty of theft, and shall be punished as for the theft of like property."

This Court held in Callahan v. State, Tex.Cr.App., 192 S.W.2d 562, that an indictment alleging ordinary theft will not support a conviction for theft by bailee.

In the present case we have an allegation of theft in the motion to revoke probation. The proof does not show theft of the automobile. There was no showing that the appellant intended to convert the automobile at the time he took it. Even if the proof showed theft by bailee or conversion of the automobile, it does not support the allegation of theft.

■ Before entering the order revoking probation for the offense of theft, the court found that the appellant was the person who was previously convicted and "I am going to find that on July the 6th, 1971, that you converted the automobile of Buddy, and that in doing so, that you violated the law—that you committed an offense against the laws of this State and the State of Oklahoma. And it will be upon this ground that I am going to revoke your probated sentence." After the court made his finding, it was not necessary for the appellant to request additional findings to have the matter reviewed on appeal.

In Foote v. State, Tex.Cr.App., 463 S. W.2d 445, cited in the dissent, the allegation in the motion to revoke probation was for theft of property over the value of $50.00. At the hearing on the motion to revoke, the proof showed theft of the property but its value was under $50.00. There was enough proof to show misdemeanor theft, a lesser included offense. The allegation in the motion to revoke alleged over $50.00. This allegation included $50.00 and anything under that value. The proof was sufficient in the Foote case to show a misdemeanor theft and was sufficient as a basis to revoke probation. Branch v. State, Tex.Cr.App., 465 S.W.2d 160, held misdemeanor theft to be a lesser included offense. A lesser included offense means that a major as well as the lesser offense was alleged in the pleadings.

Wilcox v. State, Tex.Cr.App., 477 S.W. 2d 900, is cited by the dissent as authority that this Court approved a revocation of probation upon a condition not alleged in the motion to revoke. The motion to revoke alleged that Wilcox possessed narcotics paraphernalia. The proof did not show the accused to have the paraphernalia in his hand, or on his person, but the circumstances showed him to be a principal in its possession.

Article 65, V.A.P.C., provides that all persons are principals who are guilty of acting together in the commission of the offense. In that case the accused was guilty of the offense as alleged in the motion because he was a principal and the judgment was affirmed.

■ This Court has suggested for many years that a trial judge should enter his findings on the grounds he relies upon to revoke probation. E. g. McBee v. State, Tex.Cr.App., 316 S.W.2d 748 (1958). When this is done, a probationer has an opportunity to show an abuse of discretion in the revocation if the proof is not sufficient to revoke upon the grounds specified.

Failure to comply with a request to make findings in support of an order revoking probation may call for a reversal. Tate v. State, Tex.Cr.App., 365 S.W.2d 789. When the trial judge makes findings on violation of a condition to revoke probation, whether by request or on his own motion, we will not substitute the opinion of this appellate court for his judgment.

We hold that the trial court abused its discretion under the facts of this case in that it revoked appellant's probation on a ground not supported by the evidence.

The order of revocation is reversed and the cause is remanded.

ODOM, Judge (Dissenting).

The majority hold that the trial court abused its discretion by revoking probation herein because the evidence failed to show that appellant committed ˆ the crime of theft.

The record reflects that on November 5, 1971, the hearing on the motion to revoke probation was held, and prior to the introduction of testimony the following occurred:

"THE COURT: Are you Gerald Wayne Ford?

THE DEFENDANT: Yes sir.

THE COURT: Stand up, Mr. Ford. . I have before me a motion that is styled

'STATE'S FIRST AMENDED MOTION FOR REVOCATION OF PROBATED SENTENCE . . .' Did you get a copy of this Motion?

THE DEFENDANT: Yes sir.

THE COURT: Did you read it?

DEFENDANT: Yes sir.

THE COURT: Did you understand it?

DEFENDANT: Yes sir.

THE COURT: Then I take it that you are the same Gerald Wayne Ford, that is named in this Motion; is that correct?

DEFENDANT: Yes sir.

THE COURT: Mr. Ford, The State has alleged one, two, three, and four grounds . . The First Ground says that 'Gerald Wayne Ford was ordered by the Court to commit no offense against the laws of this State or any other State, or the United States; and that the Defendant, Gerald Wayne Ford, on or about the 6th day of June, 1971, in the County of Oklahoma, and in the State of Oklahoma, did unlawfully and fraudulently take one automobile of the value of over Fifty Dollars, the same being the corporeal personal property of one—Buddy Bates—hereinafter styled owner, from the possession ·of the said owner, and without the consent of the said owner, and with the intent to deprive said owner of the value thereof, and with the intent to appropriate the said property to the use and benefit of him, the said Defendant, against the peace and dignity of the State.'

"Now Mr. Ford, is the allegation set out in this Motion, in that particular paragraph, are they true or not true?

DEFENDANT: Not true."

The order revoking probation shows the following:

"The defendant has committed another offense against the laws of another state, to-wit: Did unlawfully and fraud-ulently take one automobile of the value of over $50.00 on or about July 6, 1971, in the County of Oklahoma and State of Oklahoma . . . "

The majority view the foregoing as presenting the question of whether the allegation supports the finding of theft, and conclude that the trial court abused its discretion in that "it revoked appellant's probation on a ground not supported by the evidence." Whereas, the record shows that the trial court revoked appellant's probation because he "did unlawfully and fraudulently take one automobile of the value of over $50.00", and this ground is supported by the evidence. The evidence shows that the appellant took the automobile of Buddy Bates into his possession pursuant to a promise to go across town with it and to return shortly, and that he never returned. In addition, the probation officer testified that through his investigation he determined that the appellant had gone to Minneapolis, Minnesota, which was where the automobile was later found.

The question presented, therefore, is whether the trial court abused its discretion by revoking appellant's probation on a ground not alleged in the motion to revoke, but supported by the evidence.

This court has consistently held that the allegations in a motion to revoke probation need not strictly comply with the requirements of an indictment. See, e. g., Wilcox v. State, Tex.Cr.App., 477 S.W.2d 900; Gonzalez v. State, Tex.Cr.App., 456 S.W.2d 53. And, it should be noted that no objection was made to the sufficiency of the allegations in the state's motion to revoke, and such issue may not be first raised on appeal. Wilcox v. State, supra; Kinard v. State, Tex.Cr.App., 477 S.W.2d 896; Blackshire v. State, Tex.Cr.App., 464 S.W.2d 108; Campbell v. State, Tex.Cr.App., 456 S.W.2d 918; Guinn v. State, Tex.Cr.App., 289 S.W.2d 583.

In *Wilcox* the state's motion to revoke alleged that the defendant had violated certain conditions of his probation in that,

"on or about July 3, 1970, he 'was arrested and charged with the unlawful possession of heroin and narcotic paraphernalia along with Coleman Larry Wilcox and Ronald Dale Danford, both of whom have police records.' And that during the week prior to July 3, 1970, appellant was seen with his brother at the same service station where their arrest occurred on July 3, and that on this earlier occasion that narcotic paraphernalia was found in the rest room when vacated by the appellant and Coleman Larry Wilcox." Following the hearing, the trial court found that the defendant had "violated the terms of his probation." As in the case at bar, no objection to these pleadings was made, nor was there a request for further clarification. This court held that the trial judge did not abuse his discretion in revoking the probation, even though "the appellant was not shown to have been in possession of any narcotic or narcotic paraphernalia," because the evidence was sufficient to show that appellant was a principal which, under Article 66, V.A.P.C., amounts to a penal offense, and "since revocation is justified upon the foregoing basis alone we need not consider the other grounds urged by the state."

In Foote v. State, Tex.Cr.App., 463 S.W.2d 445, the motion to revoke probation alleged that the probationer violated the law in that he committed the offense of theft of a disc harrow of the value of over fifty dollars. The trial court found that the harrow was not shown to exceed fifty dollars, but nevertheless, found that the probationer had "committed an offense against the laws of this state by his actions in this connection, and the order granting probation will be revoked." Therein, this court held that no abuse of discretion was shown in revoking the defendant's probation.

Thus, in both Wilcox v. State, supra, and Foote v. State, supra, this court held that no abuse of discretion was shown where the trial court based the order revoking probation on a ground not alleged in the motion to revoke, but supported by the evidence. See also, Barnes v. State, Tex.Cr.App., 467 S.W.2d 437; Branch v. State, Tex.Cr.App., 465 S.W.2d 160.

Additionally, the record shows that the appellant entered pleas of "true" to paragraphs three and four of the motion to revoke. Such proceedings appear in the record as follows:

"THE COURT: Untrue (as to paragraph No. 2) all right . . Paragraph Three says 'that the Defendant, Gerald Wayne Ford, was ordered by the Court, to notify the Adult Probation Officer, of Oklahoma County, Oklahoma, if his address or employment is changed, within three days of the change; that the Defendant failed to notify the Adult Probation Officer of Oklahoma County, Oklahoma, when his employment changed, and within three days of the change, or at all of such change.' Is the allegation contained in that paragraph true or untrue?

DEFENDANT: True.

THE COURT: All right . . This is the 4th paragraph: 'The Defendant, Gerald Wayne Ford, was ordered by the Court to pay a probation fee to and through the Adult Probation Officer of Tarrant County, Texas, in the amount of $10.00 on the 10th day of June, 1969, and on the 10th day of each month thereafter during the probation. The Defendant failed to pay the $10.00, or any amount on the 10th day or any day, during the month of June, July, September, October, November, 1970, and April, May and June of 1971.' Are the allegations contained in that paragraph true or untrue?

DEFENDANT: They are true.

THE COURT: They are true . . . All right."

Such pleas, standing alone, are sufficient to support the order revoking probation.

In Mitchell v. State, Tex.Cr.App., 482 S. W.2d 221, at page 222, we stated:

"Article 42.12, Vernon's Ann.C.C.P., Sec. 8, provides that 'after a hearing' the court 'may either continue or revoke the probation' but this court has never held that it was absolutely mandatory that the court hear evidence where at such hearing the defendant states to the court that the allegations of the motion to revoke are 'true', or that he is 'guilty' as alleged or that he does not desire to contest the motion (nolo contendere), particularly where he is represented by counsel, has been served with a copy of the motion and indicates to the court he understands the allegations.

"Undoubtedly it is by far the safer practice to always hear evidence regardless of the plea. Many a later question may be avoided. Where the plea is 'true' or 'guilty' the evidence is often stipulated, or the state's testimony on direct examination on a former trial may be offered by agreement or the defendant may take the witness stand and make a judicial confession."

In the instant case there was, in fact, sufficient evidence to support such pleas. And, even though the trial court stated the probation was revoked for violation of paragraph 1, there was no request for written findings from the trial court. Had there been such request and the findings and conclusions filed, the trial judge very well may have included paragraphs 3 and 4 in his findings.

So, we have here a probationer who, the record shows, has violated three of his conditions of probation. Still the majority hold that the trial judge abused his discretion by revoking the probation and state, "We will not substitute the opinion of this appellate court for his judgment." The law should not be read backward. I submit that in the judgment of the trial court the probationer was not shown to have been rehabilitated. Compare the much weaker case of Kelly v. State, Tex.Cr. App., 483 S.W.2d 467, where we held that no abuse of discretion was shown wherein the trial judge said, " . . . We do have a case that the State has brought evidence on . . .. We have got to have law and order. For that reason and under the facts, I am going to revoke the probation. . . ."

I would affirm this case and hold that no abuse of discretion has been shown.