Criminal Case Template













COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




ALBERTO ISSASI,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.

§


§


§


§


§

No. 08-02-00338-CR


Appeal from the


210th District Court


of El Paso County, Texas


(TC# 20010D02038)



MEMORANDUM OPINION



 This is an attempted appeal from a judgment of conviction for the offense of
possession of cocaine. The issue before us is whether we have jurisdiction to consider
Appellant's appeal. We conclude that we do not and dismiss the attempted appeal for want
of jurisdiction. 

 On June 27, 2002, the court granted the State's motion to revoke Appellant's deferred
adjudication and sentenced him to five (5) years' imprisonment. Appellant filed his initial
notice of appeal on July 30, 2002. In this notice, Appellant stated that he was appealing the
denial of his Request for Findings of Fact and Conclusions of Law. On August 1, 2002, this
Court notified Appellant that it appeared that the notice of appeal was not timely filed, and
the Court gave notice of our intent to dismiss the appeal for want of jurisdiction unless any
party could show grounds for continuing the appeal. 

 On August 6, 2002, Appellant filed an Amended Notice of Appeal wherein he stated
that he filed a "Motion Renewing Motion to Dismiss and Acquittal" on June 27, 2002. The
amended notice of appeal incorporates by that motion by reference and states that the appeal
is taken from the matters addressed in that motion. The motion alleges that the court erred
in admitting hearsay evidence at the hearing on the State's motion to adjudicate guilt.

 This Court notified Appellant that it would consider Appellant's "Motion Renewing
Motion to Dismiss and Acquittal" as a motion for new trial; thus, the appeal was timely
perfected. However, this Court indicated that the appeal appeared to be taken from the trial
court's decision to adjudicate guilt, and this Court had no jurisdiction to hear the appeal. We
requested a response from Appellant. No response was received.

 Article 42.12, Section 5(b) provides, in relevant part: 

 On violation of a condition of community supervision imposed under
Subsection (a) of this section, the defendant may be arrested and detained as
provided in Section 21 of this article. The defendant is entitled to a hearing
limited to the determination by the court of whether it proceeds with an
adjudication of guilt on the original charge. No appeal may be taken from this
determination. [Emphasis added]. 


 Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2003). 


 It is well established that a defendant whose deferred adjudication probation has been
revoked and who has been adjudicated guilty of the original charge, may not raise on appeal
contentions of error in the adjudication of guilt process. See, e.g., Connolly v. State, 983
S.W.2d 738, 740-41 (Tex. Crim. App. 1999) (reiterating what it characterized as the plain
meaning of Article 42.12, Section 5(b) and holding that defendant was not permitted to
appeal whether State utilized due diligence); Olowosuko v. State, 826 S.W.2d 940, 942 (Tex.
Crim. App. 1992) (following adjudication of guilt, defendant not permitted to raise points
of error related to alleged vagueness of conditions of probation or sufficiency of motion to
revoke); Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992) (defendant not permitted
to raise point of error concerning whether his right to counsel had been violated at
adjudication hearing); Wright v. State, 592 S.W.2d 604, 606 (Tex. Crim. App. 1980) (holding
that under the predecessor to Article 42.12, Section 5(b), "no appeal may be taken from the
hearing in which the trial court determines to proceed with an adjudication of guilt on the
original charge"); Williams v. State, 592 S.W.2d 931, 932-33 (Tex. Crim. App. 1979) ("the
trial court's decision to proceed with an adjudication of guilt, is one of absolute discretion
and [is] not reviewable . . .").

 In the present case, Appellant was attempting to appeal the Court's failure to provide
findings of fact and conclusions of law regarding the revocation of Appellant's deferred
adjudication community supervision, and, possibly, the admission of some hearsay evidence. 
When the trial court revokes a defendant's probation, due process requires specific written
findings of fact where a defendant requests findings of fact be made. See Joseph v. State, 3
S.W.3d 627, 639 (Tex. App.--Houston [14th Dist.] 1999, no pet.). A trial court's failure to
comply with a defendant's request for findings in support of revocation may require reversal,
particularly where the court's failure to make findings of fact has impeded appellate review
of the court's decision. See Ford v. State, 488 S.W.2d 793, 795 (Tex. Crim. App. 1972);
Joseph, 3 S.W.3d at 639. 

 However, neither the Ford case nor the Joseph case involved the adjudication of guilt
with regard to community supervision. See Ford, 3 S.W.3d at 794; Joseph, 3 S.W.3d at 632. 
Appellant cannot appeal the court's decision to proceed to an adjudication of guilt; therefore,
there has been no impediment to appellate review as such review is not permissible. 
Appellant's contentions concerning the admission of hearsay evidence are likewise not
appealable. Accordingly, we dismiss the appeal for want of jurisdiction. 

July 8, 2003

 RICHARD BARAJAS, Chief Justice


Before Panel No. 4

Barajas, C.J., Larsen, and McClure, JJ.


(Do Not Publish)