

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-18-00604-CR

Donnell **SMITH**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CR7580
Honorable Joey Contreras, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: July 31, 2019

AFFIRMED

On April 9, 2015, Appellant Donnell Smith[1] was found guilty of failing to register as a sex offender—repeat offender and sentenced to two years' confinement in the Institutional Division of the Texas Department of Criminal Justice, suspended and probated for a term of two years. On August 16, 2018, after a hearing on the State's second motion to revoke probation, the trial court found Donnell violated the terms and conditions of the community supervision, specifically

---

[1] For purposes of clarity, Appellant Donnell Smith is often referred to Donnell throughout this opinion and the complainant, Linnea Smith, is often referred to as Linnea.

Condition No. 1. The trial court revoked Donnell's probation and sentenced him to two years' confinement in the Texas Department of Criminal Justice.

On appeal, Donnell contends (1) the trial court erred in admitting hearsay testimony, (2) the evidence was insufficient to support the trial court's finding that Donnell assaulted Linnea Smith, and (3) the trial court erred in failing to file the required findings of fact and conclusions of law. We affirm the trial court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

## A. Procedural History

On April 9, 2015, Donnell was found guilty of failing to register as a sex offender, enhanced to a second-degree felony by a prior felony, and sentenced to two years' confinement in the Institutional Division of the Texas Department of Criminal Justice, suspended and probated for a term of five years and assessed a $1,000.00 fine.

On June 27, 2018, the State filed its third motion to revoke community supervision asserting Smith violated Condition No. 1 of his probation, by committing an assault on June 20, 2018, and Condition No. 10 of his probation, by failing to pay supervision fees and court costs.

On August 16, 2018, the trial court held a hearing on the motion to revoke community supervision. The State abandoned the alleged violations related to Condition No. 10 and proceeded on the sole allegation that Donnell violated Condition No. 1 of the terms of his probation, the alleged June 20, 2018 assault.

## B. Motion to Revoke Hearing

### 1. *Corporal Chad Mandry*

Leon Valley Police Department Corporal Chad Mandry testified that on June 20, 2018, at approximately 4:02 p.m., he responded to a disturbance call involving physical violence at a Mexican restaurant. Looking for a male actor driving a red or maroon Chevy Camaro, Corporal

Mandry conducted a traffic stop of a vehicle, matching the description, and leaving the parking lot across from the restaurant. Donnell exited the vehicle as directed by Corporal Mandry. When Corporal Mandry asked Donnell what happened, Donnell replied,

> [he] initially arrived at the location to pick up his child. [Donnell] discovered his child was not there, [and] became upset. And that was it. [Donnell] stated no other disturbance had occurred.

Corporal Mandry testified that Donnell was meeting Linnea Smith, but the officer could not remember if Linnea was Donnell's wife or girlfriend. Donnell was adamant the exchange was only verbal in nature and denied laying hands on Linnea. While Corporal Mandry was speaking to Donnell, Patrol Officer Johnny Vasquez was at the restaurant talking to Linnea. Based on the information relayed by Officer Vasquez, Corporal Mandry placed Donnell under arrest for assault—family violence, contact and bodily injury.

On cross-examination, Corporal Mandry acknowledged Linnea returned the notification of rights form he provided on the night in question and declined prosecution of the case.

*2.    Patrol Officer Johnny Vasquez Jr.*

Officer Vasquez testified that on June 20, 2018, at approximately 4:02 p.m., he responded to a call for an assault in progress. Officer Vasquez was directed to contact the victim, Linnea Smith. When the officer arrived,

> [Linnea's] face was flushed and kind of reddish looking. She was teary-eyed as if she had been crying. Her eyes were still teary as if she had gone through some event.

Linnea reported she was eating when Donnell arrived. There was a verbal disturbance, Donnell grabbed her keys, and then he walked outside the restaurant. Linnea told the officer that she followed Donnell outside of the restaurant and

> [he] grabbed the back of her—the bun in her hair and began pulling her. [Linnea] stated she fell while he was stilling pulling her, but she managed to get back up.

Linnea acknowledged Donnell's grabbing her by the hair and pulling her "caused her pain." On cross-examination, Officer Vasquez conceded he did not take any photographs, or see any visible injuries or bruises.

> 3. *Linnea Smith*

Linnea testified she was only present at the hearing under subpoena. Linnea further testified that she and Donnell were married and had two children. On June 20, 2018, she and Donnell were separated, and Linnea was working at the Mexican restaurant. When Donnell texted her to pick up their son and she refused, Donnell came to the restaurant. Linnea was eating when Donnell arrived; she remained adamant about Donnell not leaving with her son and "he went off." Linnea explained that Donnell grabbed her phone and walked outside; she followed because he had her phone. Donnell gave Linnea the phone but told her "he wasn't done talking to her" and "grabbed [her] by [her] hair." Linnea testified that when Donnell pulled her hair, she "slipped on the rocks."

Donnell was still yelling when people started coming out of the restaurant; he left in his car. Linnea denied calling the police and refused to cooperate with the officers or press charges. She was adamant the entire exchange was "a misunderstanding." Linnea testified she was upset and being petty by not allowing Donnell to see his son.

When questioned by the trial court, Linnea replied she was not "tender-headed" and it did not hurt when Donnell pulled her hair. Linnea did acknowledge, however, that her knee was hurt when she fell on the rocks.

## C. Disposition and Appeal

The trial court found the State's allegation true that Donnell violated Condition No. 1 of the conditions of his probation. The trial court revoked Donnell's probation and assessed two-years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

Donnell asserts three issues on appeal: (1) the trial court abused its discretion in admitting the hearsay testimony of Linnea to Officer Vasquez at the scene on June 20, 2018; (2) the evidence is insufficient to support the trial court's revocation of Donnell's probation; and (3) the trial court erred in failing to enter findings of fact and conclusions of law.

We turn first to the question of whether Officer Vasquez's testimony was inadmissible hearsay.

### HEARSAY EVIDENCE

#### A. Standard of Review

"The admissibility of an out-of-court statement under the exceptions of the general hearsay exclusion rule is within the trial court's discretion." *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003). An appellate court reviews the trial court's admission of an excited utterance under an abuse of discretion standard. *See Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003); *accord Zuliani*, 97 S.W.3d at 595 (explaining abuse of discretion occurs when decision is "so clearly wrong as to lie outside that zone with which reasonable persons might disagree.") (quoting *Cantu v. State*, 842 S.W.3d 667, 682 (Tex. Crim. App. 1992). The trial court's ruling will stand if the ruling was within the zone of reasonable disagreement. *Moses*, 105 S.W.3d at 627 (citing *Zuliani*, 97 S.W.3d at 595).

#### B. Arguments of the Parties

Donnell contends the trial court abused its discretion when it overruled trial counsel's objection to hearsay and allowed Officer Vasquez to testify regarding statements Linnea made at the scene on the day of the incident.

The State counters that Linnea's statements are excited utterances and therefore admissible as an exception to the hearsay prohibition.

## C.     Excited Utterance

"Hearsay" is "a statement that . . . the declarant does not make while testifying at the current trial . . . and a party offers in evidence to prove the truth of the matter asserted in the statement." TEX. R. EVID. 801(d).  Absent an exception, hearsay statements are inadmissible.  TEX. R. EVID. 802; *Martinez v. State*, 178 S.W.3d 806, 811 (Tex. Crim. App. 2005).  After an objection is raised, the burden shifts to the party offering the testimony to establish the testimony falls within one of the recognized exceptions.  *Taylor v. State*, 268 S.W.3d 571, 578–79 (Tex. Crim. App. 2008); *see* TEX. R. EVID. 802.

An "excited utterance" is an exception to hearsay that allows the non-declarant to testify regarding a statement.  TEX. R. EVID. 803(2); *see Zuliani*, 97 S.W.3d at 595.  "[T]he offered statement represents an event speaking through the person rather than the person speaking about the event." *Id*.  "An excited utterance is a statement relating to a startling event or condition, made while the declarant was under the stress of excitement caused by the event or condition." *Zuliani*, 97 S.W.3d at 595 (quoting TEX. R. EVID. 803(2)).  The excited utterance's rationale is that the declarant's state of mind results in a lack of capacity for the "reflection necessary" to fabricate a falsehood.  *See id.* (quoting *Evans v. State*, 480 S.W.2d 387, 389 (Tex. Crim. App. 1972).

In determining whether a statement is an excited utterance,

> trial courts should determine "whether the declarant was still dominated by the emotions, excitement, fear, or pain of the event or condition" when the statement is made.  Factors that the trial court may consider include the length of time between the occurrence and the statement, the nature of the declarant, whether the statement is made in response to a question, and whether the statement is self-serving.

*Apolinar v. State*, 155 S.W.3d 184, 186–87 (Tex. Crim. App. 2005) (footnotes omitted) (quoting *Zuliani*, 97 S.W.3d at 596); *see also Tienda v. State*, 479 S.W.3d 863, 875 (Tex. App.—Eastland 2015, no pet.).

**D.     Analysis**

Officer Vasquez testified that he arrived within minutes of the 911 call.  Donnell had been pulling Linnea by her hair and yelling sufficiently loud that restaurant customers started coming out of the restaurant and one of the onlookers called 911.  Officer Vasquez described Linnea's appearance as "if she had gone through some event," her face was still flushed, and her eyes looked like she had been crying.  Because the trial court could have reasonably determined Linnea was "still dominated by the emotions, excitement, fear, or pain of the event or condition" when Linnea spoke to Officer Vasquez, we cannot conclude the trial court abused its discretion in overruling Donnell's hearsay objection.

We therefore turn to whether the evidence was sufficient to support the trial court's finding that Donnell assaulted Linnea.

SUFFICIENCY OF THE EVIDENCE

**A.     Standard of Review**

An appellate court reviews a trial court's decision to revoke community supervision for an abuse of discretion.  *See Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013); *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006).  The State bears the burden to prove the defendant violated a term of his community supervision by a preponderance of the evidence.  *Hacker*, 389 S.W.3d at 864–65.  A preponderance of the evidence is met "when the greater weight of the credible evidence . . . create[s] a reasonable belief that the defendant has violated a condition of his probation."  *Hacker*, 389 S.W.3d at 865 (quoting *Rickels*, 202 S.W.3d at 764); *see also York v. State*, 342 S.W.3d 528, 543 n.86 (Tex. Crim. App. 2011) (reiterating preponderance of the evidence is much lower standard than beyond a reasonable doubt, but much higher than probable cause).  If the trial court finds the State's allegations true, the trial court "has wide discretion to modify, revoke, or continue the [community supervision]."  *Ex parte Tarver*, 725 S.W.2d 195, 200

(Tex. Crim. App. 1986); *see also Dansby v. State*, 468 S.W.3d 225, 231 (Tex. App.—Dallas 2015, no pet.). "If the State fails to meet its burden of proof, the trial court abuses its discretion by revoking the community supervision." *Brown*, 354 S.W.3d at 519.

"The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial [court's] ruling." *Brown v. State*, 354 S.W.3d 518, 519 (Tex. App.—Fort Worth 2011, pet. ref'd) (mem. op.). In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the trial court's finding and defer to the trial court as the sole fact finder and judge of the witnesses' credibility. *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979); *Torres v. State*, 103 S.W.3d 623, 625 (Tex. App.—San Antonio 2003, no pet.). We remain mindful that proof of a violation of one condition of community supervision is sufficient to support the trial court's decision to revoke. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *accord Trevino v. State*, 218 S.W.3d 234, 240 (Tex. App.—Houston [14th Dist.] 2007, no pet.).

## B.    Arguments of the Parties

Donnell contends the evidence adduced at the hearing was insufficient to support the trial court's finding by a preponderance of the evidence. The State counters the trial court acted within its sound discretion in determining Donnell assaulted Linnea.

## C.    Assault

An assault is defined under the Texas Penal Code as "intentionally, knowingly, or recklessly caus[ing] bodily injury to another." TEX. PENAL CODE ANN. § 22.01(a)(1). Section 1.07(a)(8) defines "[b]odily injury" as "physical pain, illness, or any impairment of physical condition." *Id*. § 1.07(a)(8). Bodily injury "encompasses even relatively minor physical contact if it constitutes more than offensive touching." *Laster v. State*, 275 S.W.3d 512, 524 (Tex. Crim. App. 2009); *see also Arzaga v. State*, 86 S.W.3d 767, 778 (Tex. App.—El Paso 2002, no pet.)

(concluding testimony of victim experiencing pain not required, "the [factfinder] is permitted to draw reasonable inferences from the evidence, including an inference that the victim suffered pain"). In other words, the factfinder may "infer that a victim actually felt or suffered physical pain because people of common intelligence understand pain and some of the natural causes of it." *Randolph v. State*, 152 S.W.3d 764, 774 (Tex. App.—Dallas 2004, no pet.).

**D.      Analysis**

The testimony that Donnell grabbed Linnea by her hair and began pulling her across the parking lot is contested only by Donnell. Linnea testified that while Donnell was pulling her, she "slipped on the rocks." Officer Vasquez described Linnea's face as flushed, reddish-looking, and teary-eyed. Although Linnea denied any pain associated with Donnell's hair pulling, she acknowledged to the trial court that falling on the rocks "hurt."

Reviewing the evidence in the light most favorable to the trial court's ruling and remaining mindful that the trial court is the sole judge of the credibility of the witnesses, the trial court clearly believed the testimony of Linnea over that of Donnell. *See Brown*, 354 S.W.3d at 519. We conclude the trial court could reasonably find that, especially in light of Linnea's responses to the questions asked by the trial court, Donnell's pulling Linnea by the hair and her falling on the rocks, caused physical pain to Linnea. We further cannot conclude the trial court abused its discretion in finding the evidence supported, by a preponderance of the evidence, that Donnell violated Condition No. 1 of the terms of his probation by assaulting Linnea Smith. The evidence is thus sufficient to support the trial court's judgment.

Lastly, we address whether the trial court's failure to file written findings of fact and conclusions of law violated Donnell's Due Process rights.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A.     Arguments of the Parties**

Donnell contends the trial court violated his Due Process rights and abused its discretion in denying his written request for findings of fact and conclusions of law as to the evidence on which the trial court relied in revoking Donnell's community supervision.

The State counters Due Process was satisfied when the trial court pronounced the basis for revoking Donnell's community supervision on the record at the time of the revocation and in the judgment.

**B.     Findings by the Trial Court**

Following the trial court's revocation, Donnell asked the trial court to explain on what basis its decision to revoke was based.

> Donnell:     On your decision, what did you go based off of?  You know, just by [Linnea] saying that, you know, like—like I told you it was about my kid.  It wasn't nothing seriously or—we just doing it out of [spite] or anything like that.  Because, like—like I told you, I've been, you know, trying to be a better man by her and my kids.
>
> Just, you know, I just want to know because I've been doing right.  Like I told you, I've been doing right for the past year.  And I'm, like, trying to see why you are going on this decision.  If you don't mind me asking.
>
> Trial Court:     I think that the—all of the evidence points to you grabbing [Linnea] by the hair and yanking her—knocked her to the parking lot.  That's all.

We note the trial court's judgment further provides Donnell's probation was revoked because he violated Condition "#1 as set out in the State's Motion to Revoke."  The State's Motion to Revoke Community Supervision provides:

> [Donnell] violated the terms and conditions [under the terms of his probation] in the following particulars, to-wit:

VIOLATED CONDITION NO. 1: On or about the 20th day of June, 2018, in Bexar County, Texas, the defendant, Donnell Smith, committed the offense of Assault, in violation of Condition No. 1.

**C.     Analysis**

On appeal, Donnell relies on *Morrissey v. Brewer*, 408 U.S. 471 (1972) and *Whisenant v. State*, 557 S.W.2d 102 (Tex. Crim. App. 1977), for the proposition that the trial court's failure to file separate *written* findings of fact and conclusions of law constituted a denial of due process.

Due process for purposes of a revocation hearing requires:

(1) the final revocation of probation [be] preceded by a hearing,

(2) [the probationer be provided] written notice of the claimed violations of his probation,

(3) disclosure of the evidence against [the probationer],

(4) an opportunity [for the probationer] to be heard in person and to present witnesses and documentary evidence,

(5) a neutral hearing body, and

(6) a written statement by the fact finder as to the evidence relied on and the reasons for revoking probation.

*Carmona v. State*, 185 S.W.3d 492, 495 (Tex. Crim. App. 2006) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973)). A trial court's failure to comply with a defendant's request for findings of fact requires reversal is particularly relevant when the failure impedes appellate review of the trial court's decision. *See Joseph v. State*, 3 S.W.3d 627, 639 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (citing *Ford v. State*, 488 S.W.2d 793, 795 (Tex. Crim. App. 1972)).

The trial court need not issue separate findings if the judgment or revocation order discloses the grounds for revocation found by the trial court. *See Joseph*, 3 S.W.3d at 640 (concluding that handwritten notations on the revocation order sufficed); *Ford*, 488 S.W.2d at 795 (finding that the appellate court need only be adequately informed of the grounds on which the appellant violated

the terms of his community supervision); *Reasor v. State*, 281 S.W.3d 129, 136 (Tex. App.—San Antonio 2008, pet. ref'd).

The present case is analogous to our prior opinion in *Payne v. State*, No. 04-00-00659-CR, 2001 WL 540303 (Tex. App.—San Antonio May 23, 2001, no pet.) (not designated for publication). Like Donnell, Payne's community supervision was revoked based only on one allegation—violating Condition No. 1, committing a new offense. *Id*. at *2. Following the revocation, Payne similarly requested findings of fact and the trial court failed to prepare the findings. *Id*. at *3. The judgment provided "condition number one was violated." *Id*. This court explained, "[w]hile this may seem general, there was only one allegation in the motions to revoke, which was the sale of alcohol to a minor on or about July 10, 2000." *Id*. Because the information necessary to determine the terms of appellant's probation on which the trial court based the revocation was apparent, due process was satisfied. *Id*. (citing *Joseph*, 3 S.W.3d at 640).

Here, the trial court orally stated the sole basis for the revocation—the assault on Linnea violated Condition No. 1—which was also the sole ground on which the State moved for revocation; the judgment corresponds to the trial court's oral pronouncement on the same basis. Because the information necessary to determine the basis of Donnell's revocation is apparent from the record, we conclude due process is satisfied. *See Joseph*, 3 S.W.3d at 640; *Payne*, 2001 WL 540303, at *3. Donnell's last issue is thus overruled.

## CONCLUSION

Having overruled all of Donnell's issues on appeal, the trial court's judgment is affirmed.

Patricia O. Alvarez, Justice

Publish