CIPRIANO FLORES V. STATE

No. 31,100. November 25, 1959

Motion for Rehearing Overruled January 27, 1960

DAVIDSON, Judge, dissented

*Neal Dancer*, Corpus Christi, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Judge

Appellant on Januay 29, 1958, pleaded guilty to the offense of burglary and was sentenced to a term of not less than 2 years nor more than 7 years in the penitentiary. The execution of sentence was suspended and probation granted, one condition being that appellant "Commit no offense against the laws of this or any other state or the United States."

On March 26, 1959, the district attorney filed motion to revoke probation, alleging that appellant had violated this condition of his probation and alleging that on March 24, 1959, appellant had been arrested for burglary of the Roy Miller High School Band Room and that a complaint had been filed on March 25, 1959, for said offense.

Upon order of the court appellant was taken into custody and on May 4, 1959, and after hearing the evidence adduced order was entered revoking probation. From such order this appeal is prosecuted.

We are in accord with appellant's contention that the arrest and filing of a complaint against a probationer would not alone authorize revocation of probation conditioned that he "commit no offense against the laws of this or any other state or the United States."

We do not agree, however, that the revocation of appellant's probation rests upon the mere accusation and arrest. The evidence adduced at the hearing showed that appellant was arrested, charged by complaint and later indicted for burglary of the

Roy Miller High School Band Room. However, the evidence was sufficient to sustain a finding by the trial judge that appellant committed the burglary and confessed his guilt.

The finding of the trial judge that appellant "has violated the terms and conditions of such probation to wit: (A) Commit no offense against the laws of the State or any other State of the United States" finds support in the evidence adduced at the hearing.

There is no showing that the trial judge abused his discretion in revoking the probation previously granted upon such condition.

The judgment is affirmed.

DAVIDSON, Judge (dissenting).

In order to revoke appellant's probation it was necessary for the state to show that he had committed an offense against the laws of this state.

A complaint was filed charging appellant with the crime of burglary.

The judge proceeded to try the appellant for that offense and adjudged him to be guilty. Upon that adjudication of guilt, probation was revoked and appellant ordered to the penitentiary.

So here is a defendant charged by complaint with the felony offense of burglary and tried upon that complaint in an ex parte proceeding and adjudged to be guilty of that offense—all without indictment or trial before a jury.

A more flagrant violation of the constitutional right of trial by jury can hardly be conceived.

I have heretofore expressed my views regarding such violation of a constitutional right, in my dissenting opinions in Miller v. State, No. 30,539, 168 Tex. Cr. Rep. 550, 330 S. W. 2d 466, and in Leija v. State, 167 Tex. Cr. R. 300, 320 S. W. 2d 3, Gossett v. State, 162 Tex. Cr. R. 52, 282 S.W. 2d 59.

My only reason for again calling attention to such con-

clusion is that this case is the first of which I am aware where a complaint was filed and a conviction resulted from a trial conducted upon that complaint before the judge.

I wonder what punishment the trial court inflicted when he found this appellant guilty of burglary? If the judge had the right to try and to convict appellant of that offense, he had the right and it was his duty to fix the penalty authorized by law.

Punishment is necessary to a valid judgment in a felony case. Art. 766, C. C. P.; Cagle v State, 147 Tex Cr R 140, 179 S. W. 2d 545.

Thus is demonstrated the fact that the constitutional right of trial by jury was not accorded this appellant.

I respectfully dissent.

ON MOTION FOR REHEARING

BELCHER, Judge

It is insisted that the order of revocation is not authorized under the sole condition relied on for revocation, that is, that he not commit any offense against the laws of this State or any other State because such order finds only that he had been arrested which was not a condition of his probation.

The order of revocation finds that the appellant had violated the terms and conditions of his probation by the commission of an offense and the evidence heard by the court warrants such finding.

Following such finding there appears a statement that the appellant had been arrested for burglary. However, there is no showing that the order of revocation rests upon such statement.

The motion for rehearing is overruled.

Opinion approved by the Court.