Floyd WILCOX, Appellant,

v.

The STATE of Texas, Appellee.

No. 45070.

Court of Criminal Appeals of Texas.

March 15, 1972.

Miles & Lewis by Jack Miles, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Victor Driscoll, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation.

On December 12, 1966, the appellant waived trial by jury and entered a plea of guilty before the court to the offense of rape, the State not having sought the death penalty. The punishment was assessed at 5 years, but the imposition of the sentence was suspended and the appellant was placed on probation. Among the conditions of probation were the requirements that appellant "(a) commit no offense against the laws of this or any other State or the United States; (b) avoid injurious or vicious habits (including use of narcotics or habit forming drugs and alcoholic beverages); (c) avoid persons or

places of disreputable or harmful character . . . ."

On April 15, 1968, the State filed a motion to revoke alleging that appellant had committed the offense of aggravated assault and had associated with a person of disreputable character. On June 7, 1968, the State's motion was overruled and the appellant was again admonished by the court regarding his conditions of probation.

On July 27, 1970 and again on December 10, 1970, other motions to revoke probation were filed. Subsequently on March 8, 1971, a "First Amended Motion to Revoke Probation" was filed. It alleged appellant had violated conditions (a), (b) and (c) of his probation in that on or about July 3, 1970, he "was arrested and charged with the unlawful possession of heroin and narcotic paraphernalia along with Coleman Larry Wilcox and Ronald Dale Danford, both of whom have police records." And that during the week prior to July 3, 1970, appellant was seen with his brother at the same service station where their arrest occurred on July 3, and that on this earlier occasion that narcotic paraphernalia was found in the restroom when vacated by the appellant and Coleman Larry Wilcox.

■■■ There was no objection to these pleadings or a request for further clarification.[1] It was upon this motion that the revocation hearing was conducted on April 2, 1971. Following the hearing, the court found simply that appellant had "violated the terms of his probation." There was no request for further findings

or clarification. While highly desirable, the failure of the court to make such findings is not error absent any request therefor. Marshall v. State, 466 S.W.2d 582 (Tex.Cr.App.1971); Hulsey v. State, 447 S.W.2d 165, at 167 (Tex.Cr.App.1969); Tate v. State, 365 S.W.2d 789 (Tex.Cr. App.1963).

It is appellant's contention that the court abused its discretion in revoking probation.

■■ Gerald Debinder, manager of the Premier Service Station, 13406 Eastex Freeway, Houston, Texas, testified that "a day or two prior to July 3, 1970" he saw the appellant and his brother, Coleman Larry Wilcox, come to his station, go to the restroom and stay 5 to 15 minutes, and that when they left the restroom appellant's brother walked directly into a nearby billboard. Going to the restroom, Debinder discovered a piece of paper with some powder on it and a spoon containing a burned residue. He related that he had cleaned the restroom only 30 minutes before and that such items were not there then and that in the interim only the appellant and his brother had used the restroom.

The items in question were turned over to Officer Fife.

Jimmy Key, an employee at the station, corroborated Debinder's testimony and further testified that around 8 p. m. on July 3, 1970, the appellant, his brother and another youth came to the station. He related that appellant stayed outside the restroom while the other two entered. He had a wrecker driver call the police. When the officers

---

1. While the allegations in a motion to revoke probation need not strictly comply with the requirements of an indictment, Gonzalez v. State, 456 S.W.2d 53, at 55 (Tex.Cr.App.1970), it should fully inform the probationer so that he and his counsel will know what he will be called upon to defend against. An allegation that a probationer has been arrested or that a complaint has been filed is not a sufficient allegation that he has committed a penal offense in violation of his probationary conditions. Cf.

Ex parte Gomez, 241 S.W.2d 153 (Tex. Cr.App.1951); Flores v. State, 169 Tex. Cr.R. 2, 331 S.W.2d 217 (1960); Wicker v. State, 378 S.W.2d 332 (Tex.Cr.App. 1964). See also Vance v. State, 478 S.W.2d 535 (Tex.Cr.App.1972).

It is here observed that appellant did not question the sufficiency of the motion in the trial court or on appeal and it has been held that such sufficiency cannot be raised for the first time on appeal. Guinn v. State, 163 Tex.Cr.R. 181, 289 S.W.2d 583 (1956).

arrived, the appellant walked to the restroom door and slapped twice on it and walked back to the car in which the threesome had arrived. Key testified that at no time did the appellant or his companions ask to purchase gasoline or any services, or request to use tools, etc., or state that their car "was broken down."

Texas Highway Patrolman Fife testified he answered a call to the station around 8 p. m. on the date in question, and observed the appellant walk to the restroom door and then back to his car.

Fife related the restroom door was locked and he entered with a key and found the appellant's brother and Ronald Danford. Both were under the influence of narcotics with Danford being "in a stupor." Fife did not notice anything unusual about the appellant. In the restroom were a burning cigarette lighter, a hypodermic syringe, a white piece of paper with a brownish powder on it. These items were forwarded to the Department of Public Safety Laboratory. No evidence as to a chemical analysis was offered nor did the officer express his opinion, based on his experience, as to what the items were or contained.

It was shown that at the time appellant's brother, Coleman Larry Wilcox, was on probation as was the appellant for rape growing out of the same transaction. Danford was shown to have been on bond for possession of marihuana, but at the time had no criminal convictions.

Appellant, testifying in his own behalf, stated his brother had called him saying his car had broken down and that he had gone to pick him up and found Danford with his brother whom he had seen two or three times before and that he didn't know Danford had any police record. He related Danford requested him to drive to the service station to obtain jumper cables and so Danford could use the restroom. He denied he was near the restroom when the officers arrived, or had acted as a lookout,

claiming he was inside the station getting a drink of water when the officers drove up.

He related he had never been involved with narcotics, and denied he had been in the station two days before and used the restroom, although he had on past occasions purchased gasoline there.

He admitted that at the time he lived at home with his brother, his mother, sister and other members of the family. On cross examination, the following is reflected:

"Q. All right, do you know whether or not your brother was using heroin?

"A. Well, I don't know that he was, but he pled guilty to the charge and he told me he had been. But I didn't know it at the time."

The prosecuting attorney, Victor Driscoll, was called as a defense witness. He related that he was present when appellant's brother had entered a plea of guilty. The record then reflects:

"Q. That when Larry Wilcox was sentenced the only stipulation of evidence was then what you had in your report?

"A. That he did possess a narcotic on that date at that place."

The fact that the appellant's brother had called him on the date in question was corroborated by appellant's sister. His mother was also a witness in his behalf.

The failure of the trial court to make findings as to the basis of the revocation leaves this court at a disadvantage in deciding the question before us.

Was the evidence sufficient to show that the appellant had committed a penal offense in violation of probationary conditions?

If the court based its revocation upon the events of "day or two" before July 3rd,

we note that items found in the public restroom and turned over to Officer Fife were never tested nor did anyone express an opinion, based upon experience, that the powder on the paper or residue in the spoon contained heroin or any other narcotic. The items did not contain any instrument adapted for the use of narcotic drugs by subcutaneous injections in a human being. Testimony as to the events preceding July 3rd would not have authorized revocation based upon the commission of a penal offense. Cano v. State, 450 S.W.2d 646 (Tex.Cr.App.1970).

Were the events of July 3rd sufficient to reflect a penal offense committed by the appellant? The appellant was not shown to have been in possession of any narcotic or narcotic paraphernalia. He was not under the influence of narcotics. If he was guilty at all, it would be as a principal. Certainly mere presence alone will not constitute one a principal, but here the State's evidence reflects that when the officers arrived the appellant slapped on the door twice apparently to alert the occupants who later appeared to be under the influence of narcotics.

Article 66, Vernon's Ann.P.C., provides as follows:

"When an offense is actually committed by one or more persons, but others are present, and knowing the unlawful intent, aid by acts or encourage by words or gestures, those actually engaged in the commission of the unlawful act, or who, not being actually present, keep watch so as to prevent the interruption of those engaged in committing the offense, such persons so aiding, encouraging or keeping watch are principal offenders."

Here again we are confronted with the fact that no evidence of chemical analysis was offered as to the powder and syringe found in the restroom on July 3rd nor was there any opinion testimony offered. See Cano v. State, supra.

We do note the evidence elicited by the appellant that his brother had pled guilty and had stipulated he had possession of a narcotic "on that date at that place" as well as appellant's admission that his brother had told him he was using heroin.

Although appellant denied any knowledge of the offense or offenses, we conclude in light of the circumstances presented, the court did not abuse his discretion in revoking probation on the basis of the commission of a penal offense. It should be remembered that in revocation hearings the trial judge is the trier of the facts, the sole judge of the credibility of the witnesses and the weight to be given to their testimony. Rutledge v. State, 468 S.W.2d 802 (Tex.Cr.App.1971), and cases there cited.

Since revocation is justified upon the foregoing basis alone, we need not consider the other grounds urged by the State. As to "injurious and vicious habits," cf. Campbell v. State, 456 S.W.2d 918 (Tex. Cr.App.1970). As to "avoid persons or places of disreputable or harmful character," cf. Mendietta v. State, 476 S.W.2d 682 (Tex.Cr.App.1972). See also Jackson v. State, 464 S.W.2d 153 (Tex.Cr.App. 1971); Steed v. State, 467 S.W.2d 460 (Tex.Cr.App.1971) and Shortnacy v. State, 474 S.W.2d 713 (Tex.Cr.App.1972).

The judgment is affirmed.

ODOM, J., not participating.