**Harold Gene SPICER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–81–0134–CR.**

Court of Appeals of Texas,
Tyler.

July 15, 1982.

Dexter A. Jones, Longview, Edwin Buckner, Huffman & Palmer, Marshall, for appellant.

W. M. Jennings, Asst. Dist. Atty., Long-view, for appellee.

McKAY, Justice.

Appellant, on a plea of not guilty, was convicted of burglary of a habitation. Punishment was assessed by the jury at confinement in the Texas Department of Corrections for fifty years.

The record indicates that on or about January 26, 1980, appellant allegedly burglarized the home of Elva Joy Richardson and raped Mrs. Richardson. The primary evidence upon which appellant was convicted was the testimony of an accomplice, Jimmy Lynch (Lynch). Lynch testified that he and appellant entered the home of Mrs. Richardson; that appellant remained in the bedroom alone with Mrs. Richardson for a period of time; and then he (Lynch) entered the bedroom and remained alone with Mrs. Richardson for a period of time. Mrs. Richardson testified that two white males, whom she could not identify, entered her bedroom one at a time and raped her.

Appellant brings two grounds of error. Appellant's first ground of error contends the trial court erred in failing to enter a directed verdict of not guilty because there was insufficient evidence to corroborate the testimony of Lynch.

Article 38.14 of the Texas Code of Criminal Procedure (Vernon 1979) provides "A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense." The test of whether the corroboration is sufficient is to eliminate from consideration the accomplice witness' evidence, and then examine the other evidence to ascertain if it is of an incriminating character tending to connect the defendant with the commission of the offense. *Passmore v. State,* 617 S.W.2d 682, 684 (Tex. Cr. App. 1981); *Sheets v. State,* 606 S.W.2d 864, 866 (Tex. Cr. App. 1980). The corroborative testimony need not directly link the accused to the crime or be sufficient in itself to

establish guilt, the corroboration need only make the accomplice's testimony more likely than not. *McManus v. State,* 591 S.W.2d 505, 513–14 (Tex. Cr. App. 1980); *Brown v. State,* 561 S.W.2d 484, 487 (Tex. Cr. App. 1978). With these guidelines we review the corroborative evidence offered.

The victim, Mrs. Richardson, testified that prior to being raped she engaged in a struggle with two men. During this encounter, she bit one of these men's thumb. Willie Huff, a State's witness, testified that the morning following the rape, he observed appellant's right thumb with a bandage wrapped around it. Huff stated he viewed the wound and described it as a severe jagged wound. Officer Mike Maxey of the Longview Police Department testified that based on his ten years of surgical nursing, the wound appeared to be recent. Judy Rushing, appellant's mother-in-law, testified she treated his thumb for an injury.

Mrs. Richardson also testified that she believed her attacker was wearing a watch with a fluorescent dial. Officer Maxey testified that at the time of appellant's arrest he wore a watch with a fluorescent dial.

The victim further stated she believed that her attacker wore blue jeans. The State then introduced a pair of blue jeans and shorts taken from appellant's bathroom. The blue jeans had blood stains on them, consistent with appellant's blood type. Patricia Lux, a forensic serologist, testified that she had done blood and enzyme tests on the victim, the appellant, and Jimmy Lynch. Mrs. Richardson's blood was O, RH negative, PGM–1, EAP–B, ESD2–1, GLO–1, ADK–1, DAD–1. Appellant's blood was O, PGM–2–1, EAP–B, ESD2–1, GLO–2–1, AK–1, ADA–2–1; and Lynch's was O, PGM–2, EAP–BA, ESD–1, GLO–1, AK–1, ADA–1. Lux testified that the enzyme test distinguished the blood samples of all three persons. Lux then conducted tests on a blood stained wash cloth found in the victim's bedroom. The blood on the wash cloth was consistent with the blood of appellant, but not with the blood of Lynch or the victim. Blood tests were also done on

seminal stains found on the victim's bed. The blood type was again consistent only with appellant's blood.

Joe Urbanovsky, a forensic chemist with the Department of Public Safety, testified that pubic hairs recovered from the appellant's shorts had the same general characteristics, structure, and pigmentation as samples taken from the victim. Officer Mike Downs of the Longview Police Department testified that appellant's finger prints were found in Lynch's car and on a package of cigarettes found in the vicinity of the victim's house.

■ Viewing all of the corroborative evidence, we believe it was sufficient to link appellant to the crime. Appellant's first ground of error is overruled.

Appellant's second ground of error contends the trial court erred in denying appellant's requested charge on circumstantial evidence. Appellant contends there is no direct evidence that he actually committed the crime and therefore he was entitled to a circumstantial evidence charge.

■ A charge on circumstantial evidence is required only when the evidence of the main fact essential to guilt is purely and entirely circumstantial. *Romo v. State,* 593 S.W.2d 690, 695 (Tex. Cr. App. 1980); *Ransonette v. State,* 550 S.W.2d 36, 43 (Tex. Cr. App. 1977) (on motion for rehearing). However, when the facts are in such close relationship to the main fact to be proved as to be the equivalent of direct testimony, a charge on circumstantial evidence is not required. *Rodriguez v. State,* 617 S.W.2d 693, 694 (Tex. Cr. App. 1981); *Newton v. State,* 509 S.W.2d 610, 614 (Tex. Cr. App. 1974). In *Romo v. State, supra,* the defendant was accused of arson. The Court of Criminal Appeals held a circumstantial evidence charge was unnecessary where a witness testified that he saw a flaming wad of paper fly from the accused's cell approximately thirty seconds after the accused entered the cell. 593 S.W.2d at 695. In *Ales v. State,* 587 S.W.2d 686, 688 (Tex. Cr. App. 1979), a circumstantial evidence instruction was not required where appellant's wife testified that he told her to leave the room so he could punish their child with a paddle, the next morning the child was found with severe head injuries, and it was established that the paddle was broken the night appellant punished the child.

■ In the instant case, Lynch testified that he and appellant entered the victim's home, went to her bedroom, and that appellant then ordered Lynch to leave. The victim testified that although she could not identify her attackers, she bit one of them on the thumb. Other evidence established that appellant had a wound on his thumb and that blood and seminal stains in the victim's room were consistent with appellant's but not with Lynch's.

Thus, we believe the facts in the instant case were in such close relationship to the main fact to be proved as to be equivalent to direct testimony. Therefore, a charge on circumstantial evidence was not necessary. *Ales v. State, supra* at 688. Appellant's second ground of error is overruled.

The judgment of the trial court is affirmed.