David Wayne LaBELLE, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–82–00344–CR.

Court of Appeals of Texas,
El Paso.

Feb. 25, 1987.

Michael L. Aaronson, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., El Paso, Robert Huttash, State Pros. Atty., Austin, for appellee.

Before OSBORN, C.J., and SCHULTE and FULLER, JJ.

## OPINION ON REMAND

OSBORN, Chief Justice.

This is an appeal from a revocation of probation. Appellant initially pled guilty to the offense of burglary of a habitation. Punishment was assessed at ten years' imprisonment, and probation was granted. In 1981, the State moved to revoke probation alleging that Appellant had violated probation by removal and destruction of a government record belonging to the Court Residential Treatment Center. The trial court revoked probation and sentenced Appellant to five years' imprisonment. On May 9, 1984, this Court reversed the judgment due to the State's failure to negate a statutory exception to the offense in its pleading. See: Tex.Penal Code Ann. sec. 37.10(a)(3) and (b) (Vernon 1974). *LaBelle v. State*, 670 S.W.2d 755 (Tex.App.—El Paso 1984). The Court of Criminal Appeals reversed. *LaBelle v. State*, 692 S.W.2d 102 (Tex.Crim.App.1985). The cause was remanded to this Court for consideration of Appellant's other grounds of error. We again reversed, finding that the State's pleading failed to give adequate notice and that the defense motion to quash should have been granted. *LaBelle v. State*, 698 S.W.2d 738 (Tex.App.—El Paso 1985). The Court of Criminal Appeals again reversed, *LaBelle v. State*, 720 S.W.2d 101 (Tex.Crim.App.1986), remanding for considera-

tion of the final two grounds of error. We affirm.

Appellant's Points of Error Nos. Three and Four challenge the sufficiency of the evidence, the former challenging the proof negating the statutory exception of authorized destruction, the latter challenging the connection of the missing governmental record to the folder seen being destroyed by the Appellant.

Three witnesses were called by the State. Albert Chacon and David Palacios testified that they were resident probationers at the Court Residential Treatment Center. They, together with Appellant and probationer Albert Beckwith, obtained passes to seek work and left the C.R.T.C. in Beckwith's vehicle at 6:45 a.m., February 18, 1981. While stopped at an intersection, Beckwith handed a manila file folder to Appellant. Appellant examined the contents. Beckwith then stopped at a trash dumpster where he and Appellant tore up the folder and its contents, throwing the pieces in the dumpster. Chacon described it simply as a "long," "regular file," but Palacios described it as a probationer's personal file maintained by the C.R.T.C. It was in a manila folder stamped "Confidential." He equated it with his own C.R.T.C. file with which he was personally familiar. C.R.T.C. Senior Counselor George Salazar testified that he discovered that Appellant's file was missing the following day. Consultation with all staff members and an examination of the restricted residential facility failed to uncover the folder. He testified that no folder could be removed without his authorization. (Hence satisfying the negation of the statutory exception of authorized destruction the subject of Point of Error No. Three). Salazar further testified that after consulting the pass list for February 18 and 19, he interviewed Chacon, Palacios, Beckwith and the Appellant. All would have had access to the file at the time of seeking their passes on February 18, since the staff member would have to consult their files to ascertain any movement restrictions. Finally, Salazar described the file as four inches thick, contained in a manila folder stamped "Confidential."

The burden of proof in a revocation of probation hearing is the preponderance of the evidence. *Scamardo v. State,* 517 S.W.2d 293 (Tex.Crim.App.1974). *Battle v. State,* 571 S.W.2d 20 (Tex.Crim.App. 1978), states that in a revocation proceeding where the State relies exclusively upon circumstantial evidence of guilt, every reasonable exculpatory hypothesis of guilt must be excluded in order to affirm the revocation order. We need not guess at the extent to which *Battle* still applies given the current state of the law as to circumstantial evidence review because we find another removes this case from such evidentiary characterization. Despite the technical circumstantial nature of the evidence offered, when the facts so established are in such close juxtaposition to the main fact to be proved as to be the equivalent of direct evidence they shall be so treated, both for trial and appellate purposes. *Rodriguez v. State,* 617 S.W.2d 693 (Tex.Crim.App.1981); *Faulk v. State,* 608 S.W.2d 625 (Tex.Crim.App.1980); *Romo v. State,* 593 S.W.2d 690 (Tex.Crim.App.1980); *Ales v. State,* 587 S.W.2d 686 (Tex.Crim. App.1979); *Spicer v. State,* 638 S.W.2d 164 (Tex.App.—Tyler 1982, no pet.). We find the present evidentiary presentation to consist of direct evidence as well as adequately juxtaposed circumstantial evidence equivalent to direct proof. Accordingly, *Battle* is inapplicable. We further find the testimony of particularly Palacios and Salazar sufficient to establish far more than a mere suspicion or probability that Appellant participated in the removal *and/or* destruction of a government record without authorization. Points of Error Nos. Three and Four are overruled.

We close this opinion by noting that this revocation of probation proceeding involving a five-year sentence is now being decided by a fifth appellate decision and this may not be the end. Is this what the legislature had in mind as a way to speed up criminal appeals when they gave the intermediate appellate courts criminal jurisdiction in 1981? If this is "judicial economy," we do not understand the meaning of the term. If "Justice Delayed" is "Justice

Denied," the system has totally failed in this case. Is there really some reason nine judges on the highest court deciding only criminal cases must continue, case after case after case, to remand to a three-member panel for further consideration where they have the same record and the same issues before them that the intermediate court must consider on both the first and second remand? See: Dissenting opinion by Presiding Judge Onion, *Jones v. State,* 720 S.W.2d 535 (Texas Court of Criminal Appeals 1986).

In *Placencio v. Allied Industrial International, Inc. and Coast Industrial,* 724 S.W.2d 20 (Tex.1987), the Court said:

> Allied also had three points of error before the court of appeals that were not addressed by that court. While better practice would have Allied assign cross-points on these complaints as well, Allied is nevertheless entitled to have them considered. *Roark v. Allen,* 633 S.W.2d 804 (Tex.1982). To avoid unnecessary delay, we will consider these law points rather than remand them to the court of appeals.

Is that not the more practical approach? Perhaps the Court of Criminal Appeals needs these cases on their docket a second or third time. We do not!

Judge Learned Hand once noted that he, as a litigant, would dread a law suit beyond almost anything else short of sickness and death. We must wonder if David Wayne LaBelle now dreads appeals, and yet another opinion, as much as death. Well, worry not, death may yet come before the last opinion.

The judgment is affirmed.