COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 

CHARLES
ERNEST DENNIS,                          )

                                                                             )                 No.  08-01-00207-CR

Appellant,                        )

                                                                             )                       Appeal from

v.                                                                           )

                                                                             )                 109th District Court

THE
STATE OF TEXAS,                                    )

                                                                             )             
of Winkler County, Texas

Appellee.                         )

                                                                             )                       (TC# 3942)

 

O P I N I O N

 

Charles Ernest Dennis brings appeal
of the revocation of his community supervision on three points.  We affirm and reform.

Facts

On June 22, 1994, Charles Ernest
Dennis was found guilty of arson and received a probated sentence of ten years
for the offense.  Dennis=s probation was subject to certain
conditions.  The first condition required
that Dennis A[c]ommit no offense against the laws
of the State of Texas or of any other state, the United States or any
governmental entity.@  

On June 22, 1999, the State filed a
motion to revoke Dennis=s community supervision. 
The motion alleged that Dennis violated the first condition of his
community supervision:








The
defendant committed an offense against the laws of the State of Texas in that
on or about June 8, 1999, the defendant was arrested for the offense of Driving
While Intoxicated in Winkler County, Texas, by Texas Department of Public
Safety Trooper Jeff D. Rickel.  

 

A hearing was held on the motion on
June 13, 2000.  At the close of argument,
the court stated:  AThe Court finds by a preponderance of
the evidence that the allegations set out in the Motion to Revoke Probation are
true and that the Defendant=s probation should be revoked.@ 
In its judgment filed June 15, the court revoked supervision.  The judgment held that the first condition of
appellant=s community supervision was violated,
in that 

[t]he
defendant has committed offenses against the laws of the State of Texas, in
that the defendant committed the offense of Driving While Intoxicated on June
8, 1999 in Winkler County, Texas, as set out in the State=s Motion To Revoke. 


 

The court then imposed a sentence of confinement for ten
years.

The Court of Criminal Appeals granted
Dennis permission to pursue an out-of-time appeal.

Points of Error One and Three

Appellant brings three points of
error.  In his third point, appellant
argues that the allegation of a violation of supervision was invalid and
improper and failed to adequately charge a violation.  In his first point, he argues that there is
insufficient evidence upon which to base the revocation.








Initially, we conclude that appellant
has waived error as to his third point. 
On May 15, 2000, appellant filed a pretrial motion to quash, wherein
appellant argued that he was not provided with appropriate notice.  There is no record of any court action on the
motion in the record.  Therefore, we do
not believe that appellant=s point has been properly preserved.  See Tex.
R. App. P. 33.1(a) (holding that as a prerequisite for presenting a
complaint for appellate review, the record must show that a specific, timely
complaint was made to the trial court and that the trial court ruled on the
request); see also Vance v. State, 485 S.W.2d 580, 581-82 (Tex. Crim.
App. 1972) (holding that where revocation motion did not allege facts that
would necessarily constitute a violation of the law, the motion was clearly
defective but because no motion to quash was filed, the question of the
sufficiency of the revocation motion could not be questioned for the first time
on appeal); Wilcox v. State, 477 S.W.2d 900, 901 n.1 (Tex. Crim. App.
1972).

Appellant makes many assertions in
his third point.  He contends that merely
being arrested is not a violation of his probation.  He argues that an arrest, charge, or
indictment accusing him of committing a crime is not proof thereof.  Thus, the fact that his arrest was absolutely
proved did not conclusively prove a violation of his probation.  He concludes that the State failed to bring a
proper charge against him initially and that since its motion did not contain a
proper allegation, the judgment is void.

As the Court of Criminal Appeals
recognized in Jansson v. State, 473 S.W.2d 40 (Tex. Crim. App. 1971),
where a revocation of probation is based upon a violation of the condition not
to violate the law, the requirements of the allegation are not as stringent as
those of an indictment.  Id. at 42
(citing Campbell v. State, 456 S.W.2d 918, 921 (Tex. Crim. App. 1970)); see
also Wilcox, 477 S.W.2d at 901 n.1. 
Nevertheless, the allegation must give fair notice and must allege a
violation of the law.  Wilcox, 477
S.W.2d at 901 n.1.








In Jansson, the motion to
revoke alleged that the appellant had violated the condition of his probation
that he not commit any offense against the law and specifically that he Aha[d] been arrested with narcotics in
his possession.@  473 S.W.2d at
41.  In finding that the allegation was
defective, the Jansson Court stated that the allegation did not assert
facts that would necessarily constitute a violation of the law.  Id. at 42.  The Court pointed to the fact that the motion
did not allege the facts of the offense or even that such action was
unlawful.  Id. at 42.  As a result, the allegation was fatally
defective.

In contrast, here, the allegation was
not fatally defective.  The allegation was
made with specificity.  Although the
charge did not allege a violation of law, appellant was put on sufficient
notice of the charge against him.








We agree that an arrest, indictment,
or charge accusing one of committing a crime is not proof thereof.  In that regard, the situation in the present
case is comparable to the one presented in Flores v. State, 331 S.W.2d
217 (Tex. Crim. App. 1959).  In Flores,
the Court of Criminal Appeals held that the arrest and filing of a complaint
against a probationer is not alone sufficient to authorize revocation of
supervision that conditions that the probationer commit no offense against the
law.  Id. at 218.  In Flores, Flores was sentenced to a
probated sentence conditioned solely on the basis that he commit no offense
against the laws of the State of Texas, any other state, or the United
States.  Id. at 217.  The district attorney filed a motion to
revoke probation alleging that Flores had been arrested for burglary and that a
complaint had been filed for the offense. 
Id.  After a hearing, the
court entered an order revoking probation. 
Id. at 217-18.  Flores
brought appeal claiming that the arrest and filing of the complaint against him
would not authorize revocation of his probation.  Id. at 218.  The Court agreed.  Id.

However, the Court continued, in that
case, the revocation did not rest merely upon the accusation and arrest.  Id. 
Rather, the evidence adduced at the hearing was sufficient to sustain a
finding by the trial judge that the appellant had committed the offense upon
which revocation was predicated.  Id.  Therefore, there was support for the finding
of the trial judge that Flores had violated the term of his probation to not
commit any offense against the law, and the judgment was affirmed.  Id. 
See also Harris v. State, 331 S.W.2d 941, 942 (Tex. Crim.
App. 1960) (holding that trial judge acted in error where he revoked the
appellant=s probation Aprimarily and exclusively@ on the basis that the jury had
returned a verdict finding that the appellant had committed an offense during
her probation but suggesting that there would not have been error if the judge
had heard evidence that the appellant actually committed the offense or the
conviction for the offense had become final).

Similarly, here there was sufficient
evidence that appellant committed the offense of driving while intoxicated,
upon which revocation was predicated. 
Driving while intoxicated is an offense under Tex. Penal Code ' 49.04, which provides that A[a] person commits an offense if the
person is intoxicated while operating a motor vehicle in a public place.@ 
Tex. Penal Code Ann. ' 49.04(a) (Vernon Supp. 2002).








Appellant expends considerable effort
arguing that there is no evidence that he had been drinking.  That issue is not in controversy.  Neither is it dispositive to us under Tex. Penal Code ' 49.01(2), which allows intoxicated
to be defined as 

not
having the normal use of mental or physical faculties by reason of the
introduction of alcohol, a controlled substance, a drug, a dangerous drug, a
combination of two or more of those substances, or any other substance into the
body.

 

Tex. Penal Code Ann. ' 49.01(2)(A) (Vernon 1994 & Supp.
2002).  Appellant could have been
intoxicated because of the introduction of a drug into his body that impaired
his mental and physical faculties.

Probation may be revoked only upon an
affirmative finding of a violation of a condition of probation.  Scamardo v. State, 517 S.W.2d 293, 297
(Tex. Crim. App. 1974).  And the order
must be supported by a preponderance of evidence.  Id. at 298; LaBelle v. State, 726
S.W.2d 248, 249 (Tex. App.--El Paso 1987, no pet.) (citing Scamardo); see
also Vance v. State, 485 S.W.2d 580, 583 (Tex. Crim. App. 1972) (AIt is well established that there
need not first be a trial and a valid conviction for the offense which serves
as the basis for the revocation.@). 
Such evidence must be viewed in the light most favorable to the
verdict.  Garrett v. State, 619
S.W.2d 172, 174 (Tex. Crim. App. 1981); see Wilcox, 477 S.W.2d at 903
(noting that the trial judge is the sole trier of facts and sole judge of the
credibility of the witnesses and the weight to be given their testimony).  The trial court=s decision regarding revocation of
probation will be reversed only for an abuse of discretion.  Garrett, 619 S.W.2d at 174.








Trooper Jeffery Don Rickel of the
Texas Department of Public Safety testified that he had received a call about a
drunk driver and that appellant=s car was pulled over as a result.  Appellant=s reactions were slow, his speech was
slurred, and his balance was unsteady. 
From his past experiences dealing with intoxicated people, Trooper
Rickel surmised that appellant did not have normal use of his mental or
physical faculties.  Additionally,
appellant failed the field sobriety test that was administered on him.  After observing appellant, he concluded that
appellant was intoxicated.  Trooper
Rickel testified that he was aware that appellant was taking a lot of
prescription medications and it was his belief that appellant was intoxicated
by the medications.  Based on his
assessment, Trooper Rickel arrested appellant and filed a complaint against
him.

Deputy Sheriff Jay Easley testified
that he was one of the officers who responded to the call about the erratic
driver on the highway.  He witnessed
appellant=s car weaving in and out of lanes of
traffic.  Deputy Easley testified that
appellant=s speech was slurred, he was
unsteady, and his pupils were dilated. 
In addition, he testified that there were fifteen to twenty prescription
pill bottles in appellant=s car.  Therefore, like
Trooper Rickel, Deputy Easley believed that appellant was intoxicated.

Reviewing the evidence, we believe
the State showed by a preponderance of the evidence that appellant was
intoxicated while he was operating the vehicle. 
Therefore, appellant violated a condition of his supervision.  The revocation of appellant=s probation was appropriate.  We overrule appellant=s Points One and Three.

Point
of Error Two








In his second point, appellant notes
that the judgment revoking supervision incorrectly states that he waived the
reading of the motion in open court and that he entered a plea of true to the
allegation.  Appellant asserts that this
establishes Awithout a doubt that the judgment
entered is erroneous.@  

It is clear from the record that
appellant pleaded not true to the allegation and that the reading of the
allegation in open court was not waived. 
The trial court was aware of the matters before it and ruled
accordingly.  The judgment was filed after
the trial court had pronounced its finding. 
We believe that the misinformation, although erroneous, was not fatal
and does not void the judgment.  Nor does
appellant explain to us how it does. 
Therefore, we do not believe that appellant has presented reversible
error under Tex. R. App. P.
44.2(b) in Point Two.  We reform the judgment
to correct the pleading and waiver inaccuracies, but otherwise overrule
appellant=s second point.

Conclusion

For the foregoing reasons, we affirm
the judgment as reformed.

 

                                                                        


SUSAN
LARSEN, Justice

June 13, 2002

 

Before Panel No. 1

Larsen, McClure, and Chew,
JJ.

 

(Do Not Publish)