NUMBER
13-10-00124-CR

 

                                        COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI
- EDINBURG

                                                                     


 

MICHAEL ANTHONY MANCHA,                                        Appellant,

 

v.

 

THE STATE OF TEXAS                                                                 
Appellee.

                                                                     


 

On appeal from the 139th
District Court

of Hidalgo County,
Texas.

                                                                     


 

DISSENTING MEMORANDUM
OPINION

 

                     Before
Justices Garza, Benavides, and Wittig[1]

         Dissenting
Memorandum Opinion by Justice Benavides

 

            I
respectfully dissent from the majority’s opinion because I conclude that there
is no evidence in this case that would permit a rational jury to find Mancha
guilty only of the lesser offense of manslaughter.  See Mathis,
67 S.W.3d at 925 (citing Moore, 969 S.W.2d at 8; Rousseau, 855
S.W.2d at 672) (discussing our standard of review in questions of
lesser-included offense jury charge error).

            I
recognize, as the majority points out, that Mancha need only demonstrate “some
harm” in this case and, further, that “regardless of its strength or weakness,
if any evidence raises the issue that the defendant was guilty only of the
lesser offense, then the charge must be given.”  See Ngo, 175
S.W.3d at 743-44; Saunders, 840 S.W.2d at 391.  Here, however, when
evaluated under the proper framework, there was no evidence that would allow a
rational jury to find Mancha guilty only of manslaughter and not murder.  As
the majority makes clear, there was at least some evidence that Mancha lacked
the mens rea to be found guilty of murder under sections 19.02(b)(1) and
19.02(b)(2) of the Texas Penal Code.[2]  However, the majority fails to
recognize the additional requirement that the jury was also required to rationally
find that Mancha was not engaged in a felony—namely, robbery—at the time
of the homicide.  See Tex. Penal
Code Ann. § 19.02(b)(3) (Vernon 2003) (“A person commits [murder]
if he . . . commits or attempts to commit a felony, other than
manslaughter, and in the course of and in furtherance of the commission or
attempt . . . he commits or attempts to commit an act clearly
dangerous to human life that causes the death of an individual.”).  

Under
section 19.02(b)(3), no culpable mental state is required in order for a jury
to find a defendant guilty of felony murder.  In Lomax, the court of
criminal appeals made this proposition clear, writing that in that case, the:

[a]ppellant argue[d] that interpreting
[s]ection 19.02(b)(3) to dispense with a culpable mental state renders murder
under [s]ection 19.02(b)(3) a “strict liability” offense and that “murder is
never a strict liability crime in Texas.”  While [s]ection 19.02(b)(3) might
contain some features not normally associated with “strict liability” offenses,
on balance these features do not overcome the clear legislative intent to
plainly dispense with a culpable mental state.  And, deciding that [s]ection
19.02(b)(3) dispenses with a culpable mental state is consistent with the
historical purpose of the felony-murder rule, the very essence of which is to
make a person guilty of an “unintentional” murder when he causes another
person's death during the commission of some type of a felony.  We hold that
[s]ection 19.02(b)(3) plainly dispenses with a culpable mental state.  

 

Lomax v.
State, 233 S.W.3d
302, 305 (Tex. Crim. App. 2007) (citations omitted).  Therefore, the majority’s
distinction between a “reckless” mental state and an “intentional or knowing”
one is irrelevant if the defendant was indicted for an offense under which he
could be found guilty of felony murder under section 19.02(b)(3).  To make the
point more salient, section 19.02(b)(3) of the penal code provides, by logical
extension, that if a defendant could be found guilty of manslaughter, and that
manslaughter occurred in furtherance or commission of another felony, the
defendant would be guilty of murder and could not rationally be found guilty
only of the lesser offense.  See id.; Tex.
Penal Code Ann. § 19.02(b)(3).  

In
this case, it was undisputed, and admitted by Mancha himself, that Mancha and
his cohorts were engaged in a second-degree-felony robbery of Miguel Cahue when
the homicide occurred; no evidence to the contrary was presented.  See Tex. Penal Code Ann. § 29.02
(Vernon 2003) (robbery statute).  Additionally, it was undisputed that Mancha
sat on Cahue’s chest and hit Cahue in the head several times—though it was
disputed to what extent he hit Cahue with a foreign object.  Regardless, Texas
courts have continuously held that strikes to the head and body are “clearly
dangerous to human life” if delivered with enough force.  See, e.g., Ales v.
State, 587 S.W.2d 686, 687 (Tex. Crim. App. 1979) (finding that “strik[ing
the deceased] about the body, legs and arms with a board” was sufficient to
constitute an act clearly dangerous to human life); Depauw v. State, 658
S.W.2d 628, 634 (Tex. App.–Amarillo 1983, pet. ref’d) (“[S]ince there is
evidence that the deceased was hit in the head with a severe and tremendous
force, we believe that the jury could reasonably conclude that a kick to the
head by a person wearing a boot, at least when the kick is delivered with
severe and tremendous force, was an act clearly dangerous to human life.”).

Accordingly,
in my view, it was not error in this case for the trial court to refuse to
instruct the jury on manslaughter because, even if the jury believed that
Mancha had only recklessly committed the homicide, the fact that he was engaged
in a felony at the time of the homicide would prevent any rational jury from
finding him guilty only of the lesser offense of manslaughter, and there was no
evidence presented to create a fact issue on the question.  See Tex. Penal Code Ann. § 19.02(b)(3);
Lomax, 233 S.W.3d at 305.  

            I
should note, however, that the jury in this case was not instructed on the
definition of murder under section 19.02(b)(3).  The jury charge provided that
“a person commits the offense of Murder when the person intentionally or
knowingly causes the death of an individual,” which is the proper definition of
murder under section 19.02(b)(1).  No additional means by which the offense
could be committed were included in the jury charge, though all three means
defined in section 19.02(b) (intentional murder, intent to cause serious bodily
injury murder, and felony murder) were authorized either as lesser-included
offenses or directly by the indictment which provided that Mancha
“intentionally caused the death of an individual, namely, Miguel Cahue, by
striking the victim with his hand [or an object unknown to the grand jurors]
and the defendant was then and there in the course of committing or attempting
to commit the offense of robbery.”  However, the fact that the jury was not
instructed on a means of commission of the offense that was authorized by the
indictment is immaterial on appeal because our review should be based on a
hypothetically correct jury charge.

In
Malik, the court of criminal appeals held that our sufficiency review
must be under a hypothetically correct jury charge.  Malik v. State, 953
S.W.2d 234, 240 (Tex. Crim. App. 1997).  Before Malik, we reviewed
sufficiency based on the elements of the offense as they were actually charged
to the jury.  Id. at 238-40 (discussing the previous rule under the Benson/Boozer
standard).  The court was dissatisfied with this rule because it

produced different measurements for
evidentiary sufficiency depending upon whether the State or the defendant
benefitted from the instructions given.  If the jury charge requires more than
the law requires, and the State fails to object, then the State acquiesces in
an increase in its burden of proof, and sufficiency of the evidence is measured
by the charge.  But, if the jury charge requires less than the law requires,
and the defendant fails to object, the defendant is not treated as having
acquiesced in a lesser burden of proof, and sufficiency of the evidence is
measured by the elements of the offense rather than the charge.  Presiding
Judge Onion concluded that there appear to be different standards applied
depending upon whose ox is gored.

 

Id. at 238-39 (internal citations and
quotations omitted).  The court additionally noted that basing sufficiency
review on the jury charge was problematic because it was at odds with the goal
of sufficiency review—namely, to guarantee that no person is convicted upon
insufficient evidence.  Id. at 239.  The court continued by noting that
basing review on the jury charge “permits, and in fact contemplates, that
persons who are guilty of the crime charged and convicted by a jury may
nevertheless be acquitted on appeal because the State failed to object to an
erroneous and/or unnecessary instruction favorable to the defendant.”  Id. 
The Malik court concluded that the proper review, therefore, should be
based not on the jury charge, but rather, on the hypothetically correct jury
charge for the case.  Id. at 240.  This is defined as a jury charge that
“accurately sets out the law, is authorized by the indictment, does not
unnecessarily increase the State's burden of proof or unnecessarily restrict
the State's theories of liability, and adequately describes the particular
offense for which the defendant was tried.”  Id.

            Although
we are not dealing with a sufficiency review in this case, our standard of review
for charge error involving a lesser-included offense is an “evaluation of the
evidence to determine whether there is some evidence that would permit a jury
rationally to find that the defendant is guilty only of the lesser
offense.”  See Mathis, 67 S.W.3d at 925 (citing Moore, 969
S.W.2d at 8; Rousseau, 855 S.W.2d at 672) (emphasis in original).  If we
limit our evaluation of this evidence to the language in the jury charge, we
allow the same harm in jury charge error reviews that the court of criminal
appeals found unacceptable in a sufficiency review.  Most importantly, such a
limitation undermines the goal of our jury charge error review in this case
which seeks to ensure that the jury did not convict the defendant of a more
serious offense simply because a lesser-included offense was not given as an
option.  Cf. Malik, 953 S.W.2d at 239.  In this case
specifically, a failure to evaluate this case based on a hypothetically correct
jury charge requires that Mancha receive a new trial, even though he was found
guilty of an offense which, had a hypothetically correct jury charge been
given, would make it completely irrational for the jury to find him guilty of
only the lesser offense.

            Accordingly,
when we evaluate the evidence presented in this case against a hypothetically
correct jury charge, no rational jury could find Mancha guilty only of
manslaughter because the evidence was clear and undisputed that Mancha
committed the homicide—whether reckless or intentional—in furtherance of a
felony.  Therefore, even if he would otherwise be guilty only of manslaughter,
section 19.02(b)(3) requires that he be found guilty of murder.  See Tex. Penal Code Ann. § 19.02(b)(3);
Lomax, 233 S.W.3d at 305.  I consider Mancha’s other issues on appeal to
be wholly without merit, and therefore, I would affirm the trial court’s
judgment.



 

 

 

 

 

Do not publish.

Tex. R. App.
P. 47.2(b).

 

Delivered and filed the

14th day of April, 2011. 

 

 









[1] Retired Justice Don Wittig assigned to this Court by the Chief
Justice of the Supreme Court of Texas pursuant to the government code.  See
Tex. Gov’t Code Ann. § 74.003
(Vernon 2005).





            

            [2] Section 19.02(b)(1)
provides that a person commits the offense of murder if he “intentionally or
knowingly causes the death of an individual.”  Tex.
Penal Code Ann. § 19.02(b)(1) (Vernon 2003).  Section 19.02(b)(2)
provides that a person commits the offense of murder if he “intends to cause
serious bodily injury and commits an act clearly dangerous to human life that
causes the death of an individual.”  Id. § 19.02(b)(2) (Vernon
2003).  There was at least some evidence from Mancha’s statement that he did
not intentionally or knowingly kill Cahue and that he did not intend to cause
serious bodily harm to Cahue when he struck Cahue in the head, and it was within
the province of the jury to resolve the conflict between this evidence and the
inferences regarding Mancha’s intent that the jury could draw from his actions.