

## NUMBER 13-10-00124-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

**MICHAEL ANTHONY MANCHA,**                            **Appellant,**

**v.**

**THE STATE OF TEXAS**                                  **Appellee.**

---

### On appeal from the 139th District Court
### of Hidalgo County, Texas.

---

## DISSENTING MEMORANDUM OPINION

### Before Justices Garza, Benavides, and Wittig[1]
### Dissenting Memorandum Opinion by Justice Benavides

I respectfully dissent from the majority's opinion because I conclude that there is no evidence in this case that would permit a rational jury to find Mancha guilty only of the lesser offense of manslaughter. *See Mathis*, 67 S.W.3d at 925 (citing *Moore*, 969

---

[1] Retired Justice Don Wittig assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to the government code. *See* TEX. GOV'T CODE ANN. § 74.003 (Vernon 2005).

S.W.2d at 8; *Rousseau*, 855 S.W.2d at 672) (discussing our standard of review in questions of lesser-included offense jury charge error).

I recognize, as the majority points out, that Mancha need only demonstrate "some harm" in this case and, further, that "regardless of its strength or weakness, if any evidence raises the issue that the defendant was guilty only of the lesser offense, then the charge must be given." *See Ngo*, 175 S.W.3d at 743-44; *Saunders*, 840 S.W.2d at 391. Here, however, when evaluated under the proper framework, there was no evidence that would allow a rational jury to find Mancha guilty only of manslaughter and not murder. As the majority makes clear, there was at least some evidence that Mancha lacked the *mens rea* to be found guilty of murder under sections 19.02(b)(1) and 19.02(b)(2) of the Texas Penal Code.[2] However, the majority fails to recognize the additional requirement that the jury was also required to *rationally* find that Mancha was *not* engaged in a felony—namely, robbery—at the time of the homicide. *See* TEX. PENAL CODE ANN. § 19.02(b)(3) (Vernon 2003) ("A person commits [murder] if he . . . commits or attempts to commit a felony, other than manslaughter, and in the course of and in furtherance of the commission or attempt . . . he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual.").

Under section 19.02(b)(3), no culpable mental state is required in order for a jury

---

[2] Section 19.02(b)(1) provides that a person commits the offense of murder if he "intentionally or knowingly causes the death of an individual." TEX. PENAL CODE ANN. § 19.02(b)(1) (Vernon 2003). Section 19.02(b)(2) provides that a person commits the offense of murder if he "intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual." *Id.* § 19.02(b)(2) (Vernon 2003). There was at least some evidence from Mancha's statement that he did not intentionally or knowingly kill Cahue and that he did not intend to cause serious bodily harm to Cahue when he struck Cahue in the head, and it was within the province of the jury to resolve the conflict between this evidence and the inferences regarding Mancha's intent that the jury could draw from his actions.

to find a defendant guilty of felony murder. In *Lomax*, the court of criminal appeals made this proposition clear, writing that in that case, the:

> [a]ppellant argue[d] that interpreting [s]ection 19.02(b)(3) to dispense with a culpable mental state renders murder under [s]ection 19.02(b)(3) a "strict liability" offense and that "murder is never a strict liability crime in Texas." While [s]ection 19.02(b)(3) might contain some features not normally associated with "strict liability" offenses, on balance these features do not overcome the clear legislative intent to plainly dispense with a culpable mental state. And, deciding that [s]ection 19.02(b)(3) dispenses with a culpable mental state is consistent with the historical purpose of the felony-murder rule, the very essence of which is to make a person guilty of an "unintentional" murder when he causes another person's death during the commission of some type of a felony. We hold that [s]ection 19.02(b)(3) plainly dispenses with a culpable mental state.

*Lomax v. State*, 233 S.W.3d 302, 305 (Tex. Crim. App. 2007) (citations omitted). Therefore, the majority's distinction between a "reckless" mental state and an "intentional or knowing" one is irrelevant if the defendant was indicted for an offense under which he could be found guilty of felony murder under section 19.02(b)(3). To make the point more salient, section 19.02(b)(3) of the penal code provides, by logical extension, that if a defendant could be found guilty of manslaughter, and that manslaughter occurred in furtherance or commission of another felony, the defendant would be guilty of murder and could not rationally be found guilty only of the lesser offense. *See id.*; Tex. Penal Code Ann. § 19.02(b)(3).

In this case, it was undisputed, and admitted by Mancha himself, that Mancha and his cohorts were engaged in a second-degree-felony robbery of Miguel Cahue when the homicide occurred; no evidence to the contrary was presented. *See* Tex. Penal Code Ann. § 29.02 (Vernon 2003) (robbery statute). Additionally, it was undisputed that Mancha sat on Cahue's chest and hit Cahue in the head several times—though it was disputed to what extent he hit Cahue with a foreign object. Regardless, Texas courts

3

have continuously held that strikes to the head and body are "clearly dangerous to human life" if delivered with enough force. *See, e.g., Ales v. State*, 587 S.W.2d 686, 687 (Tex. Crim. App. 1979) (finding that "strik[ing the deceased] about the body, legs and arms with a board" was sufficient to constitute an act clearly dangerous to human life); *Depauw v. State*, 658 S.W.2d 628, 634 (Tex. App.–Amarillo 1983, pet. ref'd) ("[S]ince there is evidence that the deceased was hit in the head with a severe and tremendous force, we believe that the jury could reasonably conclude that a kick to the head by a person wearing a boot, at least when the kick is delivered with severe and tremendous force, was an act clearly dangerous to human life.").

Accordingly, in my view, it was not error in this case for the trial court to refuse to instruct the jury on manslaughter because, even if the jury believed that Mancha had only recklessly committed the homicide, the fact that he was engaged in a felony at the time of the homicide would prevent any rational jury from finding him guilty only of the lesser offense of manslaughter, and there was no evidence presented to create a fact issue on the question. *See* TEX. PENAL CODE ANN. § 19.02(b)(3); *Lomax*, 233 S.W.3d at 305.

I should note, however, that the jury in this case was not instructed on the definition of murder under section 19.02(b)(3). The jury charge provided that "a person commits the offense of Murder when the person intentionally or knowingly causes the death of an individual," which is the proper definition of murder under section 19.02(b)(1). No additional means by which the offense could be committed were included in the jury charge, though all three means defined in section 19.02(b) (intentional murder, intent to cause serious bodily injury murder, and felony murder) were authorized either as

4

lesser-included offenses or directly by the indictment which provided that Mancha "intentionally caused the death of an individual, namely, Miguel Cahue, by striking the victim with his hand [or an object unknown to the grand jurors] and the defendant was then and there in the course of committing or attempting to commit the offense of robbery." However, the fact that the jury was not instructed on a means of commission of the offense that was authorized by the indictment is immaterial on appeal because our review should be based on a hypothetically correct jury charge.

In *Malik*, the court of criminal appeals held that our sufficiency review must be under a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Before *Malik*, we reviewed sufficiency based on the elements of the offense as they were actually charged to the jury. *Id.* at 238-40 (discussing the previous rule under the *Benson/Boozer* standard). The court was dissatisfied with this rule because it

> produced different measurements for evidentiary sufficiency depending upon whether the State or the defendant benefitted from the instructions given. If the jury charge requires more than the law requires, and the State fails to object, then the State acquiesces in an increase in its burden of proof, and sufficiency of the evidence is measured by the charge. But, if the jury charge requires less than the law requires, and the defendant fails to object, the defendant is not treated as having acquiesced in a lesser burden of proof, and sufficiency of the evidence is measured by the elements of the offense rather than the charge. Presiding Judge Onion concluded that there appear to be different standards applied depending upon whose ox is gored.

*Id.* at 238-39 (internal citations and quotations omitted). The court additionally noted that basing sufficiency review on the jury charge was problematic because it was at odds with the goal of sufficiency review—namely, to guarantee that no person is convicted upon insufficient evidence. *Id.* at 239. The court continued by noting that basing

5

review on the jury charge "permits, and in fact contemplates, that persons who are guilty of the crime charged and convicted by a jury may nevertheless be acquitted on appeal because the State failed to object to an erroneous and/or unnecessary instruction favorable to the defendant." *Id.* The *Malik* court concluded that the proper review, therefore, should be based not on the jury charge, but rather, on the hypothetically correct jury charge for the case. *Id.* at 240. This is defined as a jury charge that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*

Although we are not dealing with a sufficiency review in this case, our standard of review for charge error involving a lesser-included offense is an "evaluation of the evidence to determine whether there is some evidence that would permit a jury rationally to find that the defendant is guilty *only* of the lesser offense." *See Mathis*, 67 S.W.3d at 925 (citing *Moore*, 969 S.W.2d at 8; *Rousseau*, 855 S.W.2d at 672) (emphasis in original). If we limit our evaluation of this evidence to the language in the jury charge, we allow the same harm in jury charge error reviews that the court of criminal appeals found unacceptable in a sufficiency review. Most importantly, such a limitation undermines the goal of our jury charge error review in this case which seeks to ensure that the jury did not convict the defendant of a more serious offense simply because a lesser-included offense was not given as an option. *Cf. Malik*, 953 S.W.2d at 239. In this case specifically, a failure to evaluate this case based on a hypothetically correct jury charge requires that Mancha receive a new trial, even though he was found guilty of an

6

offense which, had a hypothetically correct jury charge been given, would make it completely irrational for the jury to find him guilty of only the lesser offense.

Accordingly, when we evaluate the evidence presented in this case against a hypothetically correct jury charge, no rational jury could find Mancha guilty only of manslaughter because the evidence was clear and undisputed that Mancha committed the homicide—whether reckless or intentional—in furtherance of a felony. Therefore, even if he would otherwise be guilty only of manslaughter, section 19.02(b)(3) requires that he be found guilty of murder. *See* TEX. PENAL CODE ANN. § 19.02(b)(3); *Lomax*, 233 S.W.3d at 305. I consider Mancha's other issues on appeal to be wholly without merit, and therefore, I would affirm the trial court's judgment.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
14th day of April, 2011.